THE STATE OF ARIZONA *ex rel.* TARA GRANT PAINTER, Petitioner-Appellee, v. JACK WARD PAINTER, Respondent-Appellant.

First District (4th Division)   No. 1—91—0049

Opinion filed November 5, 1992.—Rehearing denied December 28, 1992.

Bernard Hammer, Ltd., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Obyrietta Gammett Scott and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Jack Ward Painter (respondent), appeals from an order of the circuit court of Cook County denying his motion for attorney fees in a child support proceeding arising under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) (Ill. Rev. Stat. 1987, ch. 40, par. 1201 *et seq.*). On appeal, the issues for review are whether the trial court (1) erred in finding that the Coconino County court of the State of Arizona had jurisdiction to receive, certify and forward petitioner's RURESA petition; (2) erred in finding that the assistant State's Attorney was not required to sign the RURESA petition pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137); (3) abused its discretion in denying respondent's request for attorney fees and expenses pursuant to Supreme Court Rule 137 and section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611); and (4) erred in finding that the State of Arizona was not subject to the jurisdiction of the Illinois courts.

We affirm.

Tara Grant Painter (petitioner) and respondent were divorced in Travis County, Texas, on January 14, 1986. Petitioner was awarded custody of the parties' two minor children. Respondent was ordered to pay petitioner child support of $325 per month per child, or $400 per month if only one child remained eligible for support. Following the dissolution of their marriage, respondent moved to Cook County, Illinois, and petitioner moved to Yavapai County, Arizona.

On January 31, 1989, petitioner filed a RURESA complaint in Coconino County, Arizona, alleging that respondent was $1,300 in arrears. As provided for under RURESA, the Cook County State's Attorney issued notice for respondent to file an appearance. On August 31, 1989, respondent met with Assistant State's Attorney Susan Plass. Respondent offered to produce cancelled checks to show that

he was not delinquent. Attorney Plass declined to review the documents and advised respondent to obtain counsel.

Prior to court on November 14, 1989, respondent obtained an attorney and reviewed his records with Assistant State's Attorney Plass. Once in court, respondent moved to dismiss the action for lack of subject matter jurisdiction. After an extensive hearing on the matter, respondent's motion was denied.

Respondent's counsel also moved to strike the petition on the ground that it was not signed by the assistant State's Attorney as required by Supreme Court Rule 137. Again, the trial court heard extensive arguments on the issue. The trial court found that the petition was properly certified by the State of Arizona and denied respondent's motion.

During the hearing, the State alleged that respondent was in arrears for December 1988 and January 1989 child support payments. Respondent presented evidence that he transferred $2,000 from his bank account to petitioner's account in June of 1988. Respondent claimed that this was an advance on child support and deducted $2,300 from his payments. The State claimed that the $2,000 was a loan. The State contended that the loan payment could not be offset against future child support payments. The trial court found that respondent was not in arrears and ordered future payments to be made to the clerk of the circuit court of Cook County. Respondent moved for sanctions against petitioner, the State's Attorney of Cook County, Assistant State's Attorney Plass, and the State of Arizona. After a hearing, this motion was denied.

On appeal, respondent contends that the court erred in denying his motion for sanctions and attorney fees. Although the trial court found respondent was not in arrears on his child support payments, he also appeals procedural and substantive issues which were decided during the underlying claim. Respondent does not seek reversal of the underlying claim; however, he raises these issues to support his contention that he is entitled to reimbursement of his expenses pursuant to Supreme Court Rule 137.

We first address respondent's contention that the trial court did not have subject matter jurisdiction over this action. Despite respondent's suggestion, subject matter jurisdiction cannot be waived on review. *Swope v. Northern Illinois Gas Co.* (1991), 221 Ill. App. 3d 241, 243.

As a preliminary matter, we note that RURESA has been adopted in nearly all 50 States, including Arizona. (See Ariz. Rev. Stat. §12—1651 *et seq.* (1987).) The purposes of RURESA are to im-

prove and extend by reciprocal legislation the enforcement of duties of support, and to enable the dependent in one State to enforce a duty of obligation of support owed by a person residing in another State. (*People ex rel. LeGout v. Decker* (1992), 146 Ill. 2d 389, 396.) A court acting pursuant to RURESA has jurisdiction to hear cases which fall within the general category of support enforcement. See Ill. Rev. Stat. 1987, ch. 40, par. 1210.

■■ In order to adequately address the issues, an explanation of a RURESA proceeding is required. The supreme court of Nebraska explained the application of RURESA as follows:

"RURESA provides two civil remedies. Under the first, \*\*\* the party claiming support, the obligee, may bring suit in the obligee's home state, the initiating state (not necessarily the same state which entered the dissolution decree), and obtain a judgment for support in the state in which the obligor is present, the responding state. 1 H. Clark, The Law of Domestic Relations in the United States §7.6 (2d ed. 1987); [Ill. Rev. Stat. 1987, ch. 40, pars. 1204, 1208]. This part of the act contemplates that the obligee file in the initiating state a petition for support; if the initiating state court determines that the petition 'sets forth facts from which it may be determined that the obligor owes a duty of support[ ] and that a court of the responding state may obtain jurisdiction of the obligor or his property,' then the initiating state court shall forward the petition to the responding state. [Ill. Rev. Stat. 1987, ch. 40, par. 1214]. Thus, the initiating state court only determines whether further proceedings are warranted. [Citations.] Upon receipt of the petition, the responding state court notifies the prosecuting attorney, who 'shall take all action necessary ... to enable the court to obtain jurisdiction over the obligor or his property and shall request ... a hearing and give notice thereof to the obligor. ...' [Ill. Rev. Stat. 1987, ch. 40, par. 1218(b)]. The responding state court then holds a hearing and must reach a determination as to whether the obligor owes a duty of support; if it so finds, 'it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order.' [Ill. Rev. Stat. 1987, ch. 40, par. 1224.] The same procedure may be used when the obligee and obligor are in different counties of the same state. [See *People ex rel. LeGout v. Decker* (1992), 146 Ill. 2d 389.]

The second remedy \*\*\* allows the beneficiary of an outstanding support judgment of another state to register that

judgment in the state where the obligor is present and provides a summary procedure for enforcing that judgment in the obligor's state as if the registered judgment were one rendered by a court of that state. 1 H. Clark, *supra*; [Ill. Rev. Stat. 1987, ch. 40, par. 1235 *et seq.*]." *Formanack v. Formanack* (1990), 234 Neb. 325, 331-32, 451 N.W.2d 250, 255.

Respondent contends that petitioner was not a resident of Coconino County when she filed the RURESA petition and, therefore, Coconino County lacked jurisdiction to receive, certify, and forward the RURESA petition. Respondent submitted a map to the trial court to support his position that petitioner lived in Yavapai County, a county which adjoins Coconino. Respondent contends that proceedings to enforce duties of support must be originated in the county of residence of the respondent or petitioner in order to be an appropriate county. Ariz. Rev. Stat. §12—2452B (1987).

The State counters that petitioner did live in Coconino County at the time the petition was filed. The State argues that based on the map respondent presented it was impossible to determine otherwise. The State further counters that the RURESA provision requires filing "in the appropriate court of any State in which the obligee resides." (Ariz. Rev. Stat. §12—1660 (1987).) Based on this provision, the State argues that the proceeding need not be originated in petitioner's resident county in order for it to be an appropriate county.

■ In this case, we believe the trial court's finding is supported by both fact and law. First, the trial court did not believe respondent's map was conclusive on the question of whether petitioner resided in Yavapai County. The trial court found that petitioner filed her action in the appropriate county. Cognizant that the trial court's finding on a question of fact will not be reversed absent an abuse of discretion, we find that the trial court did not err in denying respondent's motion to dismiss for lack of subject matter jurisdiction.

Second, even if the action was filed in an improper county, Coconino County was not deprived of jurisdiction to receive, certify and forward the petition. Section 12—1660 of RURESA provides that "[t]he complaint may be filed in the appropriate court of any state in which the obligee resides." (Ariz. Rev. Stat. §12—1660B (1987); see Ill. Rev. Stat. 1987, ch. 40, par. 1211(b).) Our Illinois Supreme Court stated that "[b]y its plain language, [this section] states that no matter where an obligee resides, he or she can file a petition pursuant to RURESA in order to enforce a duty of support." (*People ex rel. LeGout v. Decker* (1992), 146 Ill. 2d 389, 395.) Applying this precedent to the case at bar, we find that petitioner was not required to file her action in the county in which she

resides in order for Coconino County to maintain subject matter jurisdiction over this action.

Furthermore, section 12—2452 provides that a proceeding *may* be originated in the county of residence of the respondent or petitioner. (Ariz. Rev. Stat. §12—2452 (1987).) The venue provision of the statute provides that if an action is not brought in the proper county, the court still maintains jurisdiction over the action unless the respondent files an affidavit requesting that the action be transferred to the proper county. Ariz. Rev. Stat. §12—404 (1987).

In this case, respondent failed to file an affidavit requesting that the action be transferred to the proper county. Accordingly, we find that the trial court did not err in denying respondent's motion to dismiss for lack of subject matter jurisdiction.

■ Respondent also contends that the trial court erred in finding that the assistant State's Attorney was not required to sign the RURESA petition. Supreme Court Rule 137 provides in pertinent part as follows:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. \*\*\* The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law \*\*\*. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. \*\*\*
>
> This rule shall apply to the State of Illinois or any agency of the State in the same manner as any other party." (134 Ill. 2d R. 137.)

Rule 137 also provides that sanctions shall be imposed against a party or attorney who signed the pleading in violation of the statute. 134 Ill. 2d R. 137.

Effective August 1, 1989, Supreme Court Rule 137 preempts section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). Rule 137 is almost identical to section 2—611; however, under Rule 137, the imposition of sanctions is a matter upon which the trial court may exercise discretion. In section 2—611, the imposition of attorney fees to adverse parties was mandatory. *Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603, 605.

The State, on appeal, concedes that RURESA petitions are subject to the signing requirements imposed by Supreme Court Rule 137. How-

ever, although the trial court erred in failing to require Assistant State's Attorney Plass to sign the petition, we believe the error was cured by her appearance before the court. "The oral representations of an officer of the court, when in the form of a motion, should have the same effect as a signed, written motion within the context of section 2—611." (*Modern Mailing Systems, Inc. v. McDaniels* (1989), 191 Ill. App. 3d 347, 351.) Attorney Plass, in orally addressing the court, was certifying that her representations were based on reasonable inquiry, well grounded in fact, and warranted by existing law or a good faith argument for extension, modification or reversal of existing law. We therefore find that the trial court's failure to require attorney Plass to sign the RURESA petition was harmless error.

■ Next, respondent contends that the trial court erred in denying his motion for attorney fees. Respondent contends that the State failed to make reasonable inquiry as to whether or not he was in arrears. The State argues that the denial of sanctions by the trial court did not constitute an abuse of discretion because there was a genuine issue over the crediting of a $2,000 payment. We must therefore determine whether the trial court abused its discretion in denying respondent's motion for attorney fees and sanctions.

Section 2—611 of the Code of Civil Procedure provides for the imposition of attorney fees and costs for the filing of frivolous and unreasonable pleadings. (Ill. Rev. Stat. 1989, ch. 110, par. 2—611.) "The grant or denial of a motion for sanctions rests within the sound discretion of the circuit court." (*Laurence v. Flashner Medical Partnership* (1990), 206 Ill. App. 3d 777, 788.) Furthermore, "[w]hether a hearing must be held to determine if the allegations within a pleading are true and made without reasonable cause depends upon the circumstances in each case." (*Beno v. McNew* (1989), 186 Ill. App. 3d 359, 365-66.) "In evaluating the conduct of an attorney or party who signs a document or makes a motion, a court must determine what was reasonable to believe at that time rather than engage in hindsight." (*Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334.) Although a hearing on both the merits of the petition and the amount of expenses is usually held, "no such hearing is necessary if the requirements can be satisfied by looking at the pleadings, trial evidence, or other matters appearing in the record." *Beno*, 186 Ill. App. 3d at 366.

Under the circumstances of this case, we do not believe the court abused its discretion in denying respondent's motion for reimbursement of fees and expenses. Petitioner, a resident of Arizona, alleged that she had not received checks for December 1988 and January 1989. Attorney Plass reviewed the cancelled checks and could not find checks for the

two months petitioner alleged respondent was in arrears. Upon learning of a previous $2,000 payment to petitioner, attorney Plass sent respondent's proof to the State of Arizona. In asserting that respondent was in arrears, petitioner did not deny receiving a $2,000 loan. She denied, however, that it was prepaid child support. Her position was that the $2,000 was a loan. The State asked the court to decide whether the $2,000 was a loan or not, and if the payment could be retroactive. Although the issue of arrearage was resolved against petitioner that does not mean she should be penalized for litigating it. (*Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1005.) In addition to this finding, the court ordered respondent to make all future payments through the clerk of the court of Cook County.

Furthermore, in light of the application of RURESA, we believe attorney Plass exercised due inquiry. After respondent asserted a defense of a previous payment to petitioner, attorney Plass sent proof of payment to the State of Arizona. We do not believe attorney Plass was required to anticipate respondent's affirmative defenses. Upon receiving proof of payment, petitioner denied that it was prepaid child support and the trial court was requested to make a determination. Here, the trial court refused to find that attorney Plass failed to exercise due inquiry. Having an opportunity to look at the pleadings, trial evidence and all other matters appearing in the record, the trial court was in the best position to make this determination. On review, we believe the record supports a finding that the State's argument regarding the application of funds to missing child support payments was made in good faith and after due inquiry.

Respondent cites the case of *State of Maine Department of Human Services ex rel. Smail v. Smail* (1981), 100 Ill. App. 3d 997, to support his position. However, we believe the facts in *Smail* are distinguishable from the case at bar. In *Smail*, the attorney for the plaintiff stipulated that the defendant was not in arrears. (*Smail*, 100 Ill. App. 3d at 999.) However, in this case, the State did not enter into any such stipulation. There was an issue of fact for the trial court to decide regarding a $2,000 check which petitioner stated was a loan on a different matter not related to child support. We therefore find that *Smail* is inapplicable to this case. Accordingly, we hold that the trial court did not abuse its discretion in denying relief under Supreme Court Rule 137.

■ Lastly, respondent contends that the circuit court of Cook County has jurisdiction over the State of Arizona and that Arizona may be subject to reimbursing respondent for attorney fees. We disagree.

In a RURESA proceeding, "the initiating state court only determines whether further proceedings are warranted." (*Formanack v. For-*

*manack* (1990), 234 Neb. 325, 331, 451 N.W.2d 250, 255, citing *Pfueller v. Pfueller* (1955), 37 N.J. Super. 196, 117 A.2d 30; *Matter of Burke v. Adams* (1987), 130 A.D.2d 100, 518 N.Y.S. 2d 148; *Prager v. Smith* (D.C. 1963), 195 A.2d 257; *State ex rel. Lyon v. Lyon* (1959), 75 Nev. 495, 346 P.2d 709; *State v. Perry* (1955), 198 Tenn. 389.) "[T]he initiating state need not determine whether a duty of support exists." *Formanack*, 234 Neb. at 334, 451 N.W.2d at 257.

Here, petitioner filed a petition to obtain a judgment of support. After interviewing petitioner, Arizona certified and forwarded the petition to Illinois. Arizona did not conclusively determine in its petition that respondent owed a duty of support. The petition merely sets forth facts to establish that further proceedings were warranted. Under this standard, we cannot conclude that Arizona submits to the jurisdiction of Illinois courts for the purpose of assessing attorney fees in a RURESA proceeding.

Again, respondent relies on *State of Maine Department of Human Services ex rel. Smail v. Smail* for the proposition that the State of Arizona may be subject to jurisdiction in Illinois. However, respondent's reliance is misplaced. In *Smail*, the State welfare agency initiated an action and was a party in interest in the proceeding. Respondent concedes that Delores Smail, whom the State represented, was not involved in the judgment. In this case, petitioner initiated the action on her own behalf. Although Arizona and Illinois are necessary parties to this action, neither Arizona nor Illinois has an interest in the outcome of the action. The cases cited by respondent are also distinguishable on the basis that the State is a party that has an interest in the outcome of the litigation.

Here, we find that Arizona is not a party in interest in this proceeding and, therefore, has not submitted to the jurisdiction of Illinois courts. Accordingly, we hold that the trial court did not err in finding that Arizona was not subject to the jurisdiction of the Illinois courts.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.