JAMES HERNANDEZ, Plaintiff-Appellee, v. LYLE WILLIAMS, Defendant (Moss and Hillison, Appellant).

Third District    No. 3—93—0496

Opinion filed March 2, 1994.—Rehearing denied April 14, 1994.

Josette Allen, of Moss & Hillison, of Chicago, for appellant.

Samuel J. Andreano, of Andreano & Lyons, of Joliet, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Following a trial for which the defendant demanded that a jury be impaneled and at which the defendant presented no evidence on his own behalf, the plaintiff, James Hernandez, moved that sanctions be imposed on the defendant's counsel, the law firm of Moss & Hillison, for violations of Supreme Court Rule 137 (134 Ill. 2d R. 137) (Rule 137). The trial court granted the plaintiff's motion and imposed sanctions of $2,525. We affirm.

The facts are simple. This was a small claims case. The plaintiff's complaint alleged that the defendant had negligently caused damage to the plaintiff's vehicle. Moss & Hillison filed an "Appearance and 6 Man Jury Demand" on behalf of the defendant. No written answer was filed as none is required in small claims cases.

At trial, Moss & Hillison cross-examined the plaintiff's witnesses, but presented no evidence in defense of the action. The defendant was not present. At the close of the evidence, the trial court directed a verdict in favor of the plaintiff.

The plaintiff's motion for sanctions under Rule 137 alleged that Moss & Hillison: (a) failed to conduct a reasonable investigation into the underlying facts and circumstances of the case; (b) sought to defend against the plaintiff's suit without having a good-faith basis for doing so; (c) demanded a trial by jury and denied the plaintiff's allegations for an improper purpose, *i.e.*, the unnecessary delay and needless increase in the costs of litigation to the plaintiff; and (d) denied the allegations of the complaint without a good-faith basis.

Over the objection of Moss & Hillison, the trial court scheduled a hearing on the plaintiff's motion. The trial court gave Moss & Hillison 21 days to respond and specifically requested that it provide evidence that it contacted the defendant prior to filing the jury demand.

In its response, Moss & Hillison argued, *inter alia*, that the filing of a jury demand and an appearance does not constitute sanctionable conduct under Rule 137 and that, even if it did, the plaintiff's motion lacked any foundation for alleging that the jury demand and appearance were not well grounded in fact. Nowhere in the response did Moss & Hillison indicate that anyone from the firm ever spoke with the defendant, nor did the response detail what investigation the firm conducted into its defense.

At the hearing on the motion, the trial judge asked on more than one occasion if Moss & Hillison had spoken to the defendant prior to filing the appearance and jury demand. The attorney for Moss & Hillison did not state that it had. The trial judge also noted that Moss & Hillison failed to allege in its response that an attorney from the firm had spoken with the defendant. The trial court then allowed

Moss & Hillison additional time to provide information about what it had done to comply with the reasonable inquiry requirement of Rule 137. No such additional information was provided.

In a written decision, the trial judge found that the combined appearance and jury demand constituted a "paper" for purposes of Rule 137. The judge further found that since defense counsel refused to produce evidence that it spoke with the defendant or conducted any investigation prior to filing the appearance and jury demand, he could only conclude that such steps had not been taken and that Moss & Hillison had demanded a trial in order to cause delay and increase the cost of litigation for the plaintiff. Therefore, he found that Moss & Hillison had violated Rule 137 and awarded $2,525 in attorney fees to the plaintiff.

Supreme Court Rule 137 provides, in pertinent part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney *** constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 134 Ill. 2d R. 137.

The purpose of Rule 137 is to punish litigants who plead frivolous or false matters or bring suit without any basis in law. (*In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 596 N.E.2d 1226.) The rule's dictates apply not only to plaintiffs but to defendants as well. (See *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 532 N.E.2d 595.) Even though it should not be applied with the same force in a small claims case, it does still apply. *Mentzer v. Dudley* (1992), 236 Ill. App. 3d 726, 602 N.E.2d 934.

■ Initially, we hold that the "Appearance and 6 Man Jury Demand" filed by Moss & Hillison is a "paper" to which Rule 137 applies. The document was issued and signed by Moss & Hillison. In addition, the appearance served as a denial of the allegations of the complaint (see 134 Ill. 2d R. 286) and the jury demand was Moss &

Hillison's representation that there were factual matters involved in the case which should be decided by a jury.

We note at this point that Rule 137 requires the paper to be "signed by at least one attorney of record in his individual name." The document filed by Moss & Hillison in the instant case is signed "Moss & Hillison," and no individual attorney's name appears on the document. While it may be said that this variance from the strict requirements of the rule is *de minimis* and might not alone support a sanction, we find nonetheless that it is a violation of Rule 137.

Next, we must determine whether the appearance and jury demand violated the requirements of Rule 137.

In evaluating the conduct of an attorney who signs a pleading or paper, the court is to focus on what was reasonable at the time of the signing and not engage in hindsight analysis. (*Washington v. Allstate Insurance Co.* (1988), 175 Ill. App. 3d 574, 529 N.E.2d 1086.) The decision to impose sanctions is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 551 N.E.2d 1319.

■ After carefully reviewing the record and the decision of the trial court, we find no abuse of discretion. It is clear to this court, as it was to the trial court, that Moss & Hillison proceeded to trial "on a misguided hope that Plaintiff simply [wouldn't] be able to prove his case" rather than on the knowledge or belief that its defense was well grounded in fact.

Moss & Hillison argues that the trial court engaged in forbidden hindsight analysis when it relied on the presentation of the trial evidence to determine that sanctionable conduct had taken place. This is an inaccurate view of the facts and a contorted application of the rule against hindsight.

In the case at bar, the trial court was alerted to a possible Rule 137 violation by the conduct of Moss & Hillison during the trial. However, far from reaching a decision on that basis, the trial court conducted its own investigation to determine whether Moss & Hillison had reasonably inquired into the factual basis for the denial of the plaintiff's allegations and demand for a jury. When Moss & Hillison refused to inform the court of the steps it had taken in its inquiry, the trial judge determined that such refusal was based on the absence of inquiry. This was an appropriate course of action.

Moreover, this court recently upheld exactly the kind of examination employed by the trial court. In *Liddle v. Cepeda* (1993), 251 Ill. App. 3d 892, 623 N.E.2d 849, the sanctioned law firm, coincidentally Moss & Hillison, filed a counterclaim against the plaintiff without having consulted its client beforehand. This failure to consult

with the client became evident at trial, when the named defendant appeared and acknowledged that he was not the driver of the car which had collided with the plaintiff. The trial court held that if Moss & Hillison had conducted a reasonable inquiry prior to filing the counterclaim, it would have discovered that the named defendant had not been the driver. The failure to make that discovery revealed that a reasonable inquiry had not been undertaken. This court affirmed the trial court's imposition of sanctions against Moss & Hillison. Thus we find that it was not error for the trial court to rely on Moss & Hillison's conduct during the trial as circumstantial evidence of whether a reasonable inquiry was made prior to filing the appearance and jury demand and then to proceed to conduct its own investigation about such inquiry.

■ Moss & Hillison argues further that the trial court improperly shifted the burden of proof to Moss & Hillison to show what steps had been taken to fulfill the "reasonable inquiry" requirement of Rule 137. However, it fails to cite any authority for its contention that such burden shifting is prohibited. Further, we find that it is not improper for a trial court, upon finding that sanctionable conduct may have occurred, to order the accused attorney to provide evidence that he complied with the rule. The accused attorney is the person most likely to have in his possession and control such evidence of compliance, so it makes sense to require him to come forward with it.

Moss & Hillison argues that responding to the court's request would have violated the attorney-client privilege.

■ The attorney-client privilege applies only to the content of communications between attorney and client. (*People v. Chriswell* (1985), 133 Ill. App. 3d 458, 478 N.E.2d 1176.) The fact that communication has occurred between a known client and his attorney is not privileged. (*United States v. Kendrick* (4th Cir. 1964), 331 F.2d 110.) Thus, the trial court's question about whether Moss & Hillison had spoken to the defendant did not require Moss & Hillison to violate attorney-client privilege because it did not ask for the content of the communications, only the existence of such communications. Likewise, the acts conducted by Moss & Hillison in investigation of the plaintiff's claim are not communications and are not protected.

■ Finally, Moss & Hillison argues that it had a right to "put the plaintiff to his proofs" because "the right to a trial by jury is a fundamental right in the American Democratic [*sic*] judicial system." We cannot agree. Indeed, we agree with the trial court when it cited Rule 3.1 of the Code of Professional Responsibility (134 Ill. 2d R. 3.1) for the proposition that only the criminal defendant or civil litigant facing the possibility of jail may "defend the proceeding as to require

that every element of the case be established" and concluded that "it would seem anomalous that substantive law would permit that which the Code of Professional Responsibility specifically prohibits."

Further, we note that Rule 137, just like Rule 11 of the Federal Code of Civil Procedure, "creates duties to one's adversary and to the legal system." (*Mars Steel Corp. v. Continental Bank* (1989), 880 F.2d 928, 932.) The *Mars* court stated:

> "The duty to one's adversary is to avoid needless legal costs and delay. The duty to the legal system (that is, to litigants in other cases) is to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases or, by leaving judges less time to resolve each case, increases the rate of error. Rule 11 allows judges to husband their scarce energy for the claims of litigants with serious disputes needing resolution." *Mars Steel Corp. v. Continental Bank* (1989), 880 F.2d 928, 932.

By its actions in this case, Moss & Hillison has breached its duty to the plaintiff by putting the plaintiff through the unnecessary burden of a trial. It has breached its duty to the legal system by taking the time of the judge, jury and other officers away from matters more in need of resolution.

Accordingly, we hold that a small claims appearance and jury demand constitute a "paper" within the meaning of Rule 137 and that the trial court did not abuse its discretion in imposing sanctions on the law firm of Moss & Hillison.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and McCUSKEY, JJ., concur.