SIXTH DIVISION

December 12, 1997

No. 1-96-0369

JUDITH BACHMANN,

Plaintiff-Appellee,

v.

WAUNITA KENT,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

94 M6 6531

The Honorable

Edwin J. Richardson,

Judge Presiding.

JUSTICE QUINN delivered the opinion of the court:

This case is brought on appeal from a January 8, 1996, order of the circuit court striking defendant's rejection of an arbitration award on the ground that it was not signed by an attorney, denying defense counsel's request to sign the notice of rejection, and entering judgment on the arbitration award in favor of plaintiff.  Defendant contends that (1) the trial court erred in debarring her rejection of the arbitration award; (2) the trial court erred in denying defense counsel's request to sign the notice of rejection; (3) the court-imposed sanction was excessive; and (4) the sanction violated the Illinois Constitution and the enabling act.  735 ILCS 5/2-1004A (West 1994).  

On December 29, 1994, plaintiff, Judith Bachman, filed a complaint against defendant, Waunita L. Kent, and a jury demand alleging that she was injured in a traffic accident as a result of defendant's negligence.  Plaintiff filed and served a deposition notice, but defendant failed to appear.  As a result, the trial court then barred defendant from testifying at the arbitration hearing as a sanction, and also struck her affirmative defenses as a discovery sanction.  

On October 25, 1995, the case was arbitrated, and an award was entered in favor of plaintiff in the amount of $12,000.  Defendant failed to attend the arbitration hearing, despite plaintiff's Request to Produce.  Defendant's attorney from Parillo, Weiss & O'Halloran was present.  On November 6, 1995, defendant filed both her notice of rejection of the arbitration award and a request for a jury trial.  The notice of rejection was not signed by defendant, nor her attorney of record, but rather by some other individual.  The signature on the notice did not indicate whether this individual was an attorney.  The same signature appeared as a certification on defendant's appearance and jury demand, although on that document it was followed by illegible initials without any further indication of the identity of the individual who signed.  Defendant's appearance and answer were both signed in the firm's name, and not in the name of an individual attorney.  

On November 16, 1995, plaintiff filed a motion to strike defendant's rejection of the arbitration award on the ground that defendant did not appear in person at the arbitration hearing to testify in plaintiff's case.  On December 6, 1995, plaintiff filed another motion to strike defendant's rejection of the arbitration award on the additional ground that the notice of rejection was signed by a non-attorney.  On January 8, 1996, the court entered an order striking defendant's rejection of the arbitration award on the ground that it was not signed by an attorney.  The trial court denied defense counsel's request to sign the notice of rejection, and entered judgment on the arbitration award in the amount of $12,000.  Defendant appeals from this order.  

Before addressing the merits of this appeal, we note that the record consists only of the common law record and one two-page supplemental record consisting only of plaintiff's motion to compel defendant's deposition.  While we may refer to the common law record in addressing the issues defendant raises, any doubts raised by insufficiencies in the record must be resolved against defendant-appellant, whose obligation it was to present this court with a sufficiently complete record of the proceedings.  
Williams v. Dorsey
, 273 Ill. App. 3d 893, 896, 652 N.E.2d 1286 (1995).  

Also, both defendant and plaintiff raise several arguments which are unsupported by citation to the record or to pertinent authority.  Therefore, these arguments are waived.  
People v. Pecor
, 153 Ill. 2d 109, 606 N.E.2d 1127 (1992).  

First, defendant contends that the trial court erred in striking her rejection of the arbitration award.  We disagree.  The trial court properly struck defendant's rejection of the arbitration award where defendant failed to appear at the arbitration hearing, and the notice of rejection was signed in violation of Supreme Court Rule 137.  134 Ill. 2d R. 137.  Absent an abuse of discretion, the court's imposition of a sanction will not be disturbed on review.  
State Farm Insurance Co. v. Gebbie
, 288 Ill. App. 3d 640, 644, 681 N.E.2d 595 (1997).  

Under Supreme Court Rule 237, the appearance of a party may be required by serving the party with notice that designates the person who is required to appear.  166 Ill. 2d R. 237(b).  Supreme Court Rule 90(g) states the following:

"Compelling Appearance of Witness at Hearing.  The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials.  The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing.  Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award."  145 Ill. 2d R. 90(g).  

The attendance of counsel at an arbitration hearing preserves the right to reject an arbitration award.  
Dorsey
, 273 Ill. App. 3d at 900.  However, the attendance of counsel does not preclude the trial court from entering an order debarring a party from rejecting the award as a sanction.  
Knight v. Guzman
, 291 Ill. App. 3d 378, 380, 684 N.E.2d 152 (1997); 
Gebbie
, 288 Ill. App. 3d at 643.  Under Supreme Court Rule 90(g), it is within the trial court's authority to bar a party from rejecting an award as a sanction for failing to comply with a notice to appear under Rule 237(b).  145 Ill. 2d R. 90(g); 166 Ill. 2d R. 237(b); 
Gebbie
, 288 Ill. App. 3d at 643.  When a party is debarred from rejecting an arbitration award, the filing of a notice of rejection is ineffective.  145 Ill. 2d R. 93(a).  

In the instant case, plaintiff served defendant with a Rule 237 notice to appear at the arbitration hearing, but defendant failed to appear.  There is no indication in the motions and answers in the record that defendant moved to have her presence waived or excused.  As we do not have the report of proceedings of the arbitration hearing, we will presume that defendant's failure to appear was unexcused.  Thus, the trial court's order debarring defendant's rejection of the arbitration award was not an abuse of discretion.

Defendant argues that plaintiff's Rule 237 notice did not apply to the arbitration hearing because it was titled "RULE 237 NOTICE TO PRODUCE AT 
TRIAL
," and did not specifically refer to arbitration (emphasis added).  However, this same argument has been rejected in 
Dorsey
, a case involving the same law firm here, Parillo, Weiss & O'Halloran.  
Dorsey
, 273 Ill. App. 3d at 897.  The law firm representing defendant in this case failed to cite this case in its opening brief and failed to respond to plaintiff's citation of the case in defendant's reply brief, despite its affirmative duty under the Rules of Professional Conduct to cite to this court such adverse precedent.  See 134 Ill. 2d R. 3.3(a)(3).  
Dorsey
 is dispositive of this issue, and so we hold that the Rule 237 notice filed by plaintiff applied to the arbitration hearing.

Defendant also contends that she could not have reasonably interpreted the notice to apply to the arbitration hearing, because the Rule 237 notice was filed six months before the Sixth Municipal District even started an arbitration program.  This argument also is unavailing.  Once the case was transferred to arbitration, and no trial was scheduled, the notice to appear applied to arbitration.  See 
Dorsey
, 273 Ill. App. 3d at 897.

Defendant further argues that plaintiff was not prejudiced by her failure to appear because she was barred from testifying as a sanction for her discovery violation pursuant to the court's order.  This issue also has been recently addressed, in yet another case involving the same law firm and the same attorney on appeal.  In 
Gebbie
, 288 Ill. App. 3d at 643, the court rejected the defendant's argument that his failure to appear personally at the arbitration hearing was excused because the court had barred him from presenting evidence at the arbitration
.  The court held that defendant was still obligated to appear because, although the lower court barred defendant from presenting his case, it did not bar the plaintiff from calling the defendant as an adverse party.  
Gebbie
, 288 Ill. App. 3d at 643-644.  The court held, "[d]efendant's willful violation of discovery cannot excuse his failure to appear personally at the arbitration hearing."  
Gebbie
, 288 Ill. App. 3d at 643.  

Similarly, in the instant case, the fact that defendant was barred from testifying in her own behalf at the arbitration hearing as a result of her discovery violation did not excuse her from appearing at the hearing.  Defendant mistakenly interprets the trial court's order as barring her from testifying at all.  However, as in 
Gebbie
, plaintiff was not barred from calling defendant as an adverse witness.  

Defendant also mistakenly argues that plaintiff was not prejudiced by defendant's failure to appear because the only issues remaining in the arbitration, proximate causation and damages, were peculiarly within plaintiff's knowledge.  On the contrary, defendant could have testified as an adverse witness, at the very least, on the issue of proximate cause.  

Thus, because defendant did not appear in person at the arbitration hearing, the circuit court had authority under Supreme Court Rule 90(g), 145 Ill. 2d R. 90(g), based on defendant's violation of Supreme Court Rule 237, 166 Ill. 2d R. 237, to debar defendant from rejecting the arbitration award.  Therefore, the trial court's order debarring the rejection of the arbitration award was not an abuse of discretion.  

The trial court also properly struck defendant's rejection of the arbitration award on the additional ground that the notice of rejection was signed in violation of Supreme Court Rule 137.  134 Ill. 2d R. 137.  

Under Supreme Court Rule 93(a), a notice of rejection of an arbitration award must be filed by a party who was present at the arbitration hearing, "either in person or by counsel."  145 Ill. 2d R. 93(a).  The phrase "either in person or by counsel" refers merely to the party's presence at the hearing, and not to who must file or sign the notice of rejection.  
Knight
, 291 Ill. App. 3d at 382.  

Supreme Court Rule 137 governs the signing of pleadings, motions and other papers, which includes notices of rejection of arbitration awards.  Supreme Court Rule 137 states:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name ***."  134 Ill. 2d R. 137. 

Supreme Court Rule 137 further provides:

"If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction ***."  134 Ill. 2d R. 137. 

The purpose of Supreme Court Rule 137 is to punish litigants who plead frivolous or false matters or bring suit without any basis in law.  
Hernandez v. Williams
, 258 Ill. App. 3d 318, 320, 632 N.E.2d 49 (1994).  The rule is penal in nature and must be strictly construed.  
In re Estate of J.M.
, 287 Ill. App. 3d 110, 116, 678 N.E.2d 15 (1997).  

The granting of sanctions under Supreme Court Rule 137 is entrusted to the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion.  
Fremarek v. John Hancock Mutual Life Insurance Co.
, 272 Ill. App. 3d 1067, 1074, 651 N.E.2d 601 (1995).  A trial court exceeds its discretion only where no reasonable person would take the view adopted by it.  If reasonable people would differ as to the propriety of the court's action, the reviewing court cannot say that the trial court abused its discretion.  
Fremarek
, 272 Ill. App. 3d at 1074.  

Here, the trial court did not abuse its discretion in striking defendant's notice of rejection where the notice was signed by a non-attorney in violation of Supreme Court Rule 137.  134 Ill. 2d R. 137.  In defendant's response to plaintiff's motion to debar rejection of the arbitration award, defendant admitted that the individual who signed the notice of rejection was actually the secretary of an attorney at the law firm retained by defendant.

It appears that the same individual also may have signed the certification on the appearance and jury demand, as well as the answer to the complaint, as signified by the initials following the signature.  In addition, defendant's appearance and jury demand was signed in the law firm's name, and not by an individual attorney.  The signatures on these documents were not, however, argued as additional grounds for striking the defendant's rejection of the arbitration award.

Supreme Court Rule 137 requires papers to be signed by "at least one attorney of record in his individual name" if the party is represented by an attorney.  134 Ill. 2d R. 137.  Here, defendant was represented by a law firm, and so an attorney of record should have signed the notice of rejection.  Also, Supreme Court Rule 95 requires attorney certification as part of the proper form of the notice of rejection.  134 Ill. 2d R. 95.  

This case presents the issue of whether the signature of a non-attorney employee of a law firm is sufficient as the signature of an "attorney of record" under Supreme Court Rule 137.  We hold that it is not.

The signing of a paper by a law firm, rather than an individual attorney, constitutes a violation of Supreme Court Rule 137.  
Hernandez
, 258 Ill. App. 3d at 320-21.  In 
Hernandez
, the court upheld the imposition of sanctions where the jury demand filed by the defendant's retained law firm was signed only in the firm's name.  
Hernandez
, 258 Ill. App. 3d at 320-21.  

However, Supreme Court Rule 137's requirement that an "attorney of record" sign all pleadings, motions and papers is not interpreted to mean that only the actual attorney of record at the trial or hearing can sign.  The most recent interpretation of who may sign a notice of rejection of an arbitration award is found in 
Knight
, 291 Ill. App. 3d at 382-383.  The court in 
Knight
 held that an associate of the firm retained by the defendant could sign and file the notice of rejection of an arbitration award, even though that associate was not present at the arbitration hearing.  
Knight
, 291 Ill. App. 3d at 382-383.  Thus, under Supreme Court Rule 137 "attorney of record" is interpreted somewhat broadly to include other associates at the same firm retained by a party.  

On the other hand, Supreme Court Rule 137 has not been interpreted so broadly as to allow 
anyone
, even non-attorneys, to sign pleadings, motions and papers.  We reject defendant's argument that the signature on the notice of rejection of the arbitration award was valid because it was adopted by Kent's attorney.  We have found no Illinois case law holding that a non-attorney's signature is sufficient to satisfy Supreme Court Rule 137's attorney signature requirement.  As such, we turn to federal case law interpreting Federal Rule of Civil Procedure 11.  Illinois courts may seek guidance in Federal courts' interpretation of Federal Rule of Civil Procedure 11 in interpreting the imposition of sanctions under Illinois Supreme Court Rule 137, as the provisions are virtually identical.  
Zander v. Whitney
, 242 Ill. App. 3d 523, 535, 610 N.E.2d 779 (1993).  

The United States Supreme Court has held that only the signature of at least one attorney of record in his individual name satisfies the signing requirement on papers.  
Pavelic & LeFlore v. Marvel Entertainment
, 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989).  The Supreme Court specifically rejected an appeal to the principles of agency.  The Supreme Court stated the following: 

"We are not dealing here, however, with common-law liability, but with a Rule that strikingly departs from normal common-law assumptions such as that of delegability.  The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment."  
Pavelic
, 493 U.S. at 125, 107 L. Ed. 2d at 444, 110 S. Ct. at 459.  

Similarly, in the instant case, defendant's attorney could not have delegated to her secretary her authority in signing the notice of rejection.  Although 
Knight
 held that an associate at the same firm could sign a notice of rejection, as an attorney of record, a non-attorney simply cannot fulfill the signing requirement of Supreme Court Rule 137.  

Although 
Hernandez
 noted that a violation of the signing requirement of Supreme Court Rule 137 might be said to be 
de
 
minimis
, 
Hernandez
, 258 Ill. App. 3d at 321, it is nonetheless a violation, and we decline to pervert the plain language of Supreme Court Rule 137 to hold that an "attorney of record" can include non-attorneys.  Appellate counsel for defendant concedes that the signature is a violation of Supreme Court Rule 137, although a "technical" one.  Thus, we find that the signature of a non-attorney on the notice of rejection consitutes a violation of Supreme Court Rule 137, and was an additional basis for striking the notice of rejection.  

We reject defendant's argument that the only grounds for barring a rejection of an arbitration award are Supreme Court Rules 90(g) (failure to comply with notice to appear at a hearing under Supreme Court Rule 237) and 91(b) (failure to participate in an arbitration hearing in good faith and in a meaningful manner).  The language of Supreme Court Rule 137 is broad in allowing a court discretion in imposing the appropriate sanctions.  

We turn to the second issue of whether the trial court properly denied defense counsel's request to sign the notice of rejection after the improper signature was called to her attention. The relevant provision in Supreme Court Rule 137 provides:

"*** If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.  If a pleading, motion, or other paper is 
signed in violation of this rule
, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction ***."  134 Ill. 2d R. 137.  (Emphasis added.)  

A careful reading of Supreme Court Rule 137 shows that the rule addresses two distinct factual situations:  (1) where a document filed with the court is not signed at all; and (2) where a document is signed in violation of the rule.  According to the plain language of the rule, a court should allow an attorney to sign a document only where the document is not signed at all.  Where a document is signed in violation of the rule, a court is under no obligation to allow an attorney to sign the document.  Rather, the rule provides for appropriate sanctions.

Here, the notice of rejection was not unsigned, rather, it was signed in violation of the rule.  Thus, the court's refusal to allow defense counsel to sign the notice was not an abuse of discretion.  

Defendant's cited cases are inapposite, as they do not involve signed documents.  See 
State of Arizona ex Rel Painter v. Painter
, 238 Ill. App. 3d 796, 606 N.E.2d 298 (1992); 
Modern Mailing Systems, Inc. v. McDaniels
, 191 Ill. App. 3d 347, 547 N.E.2d 762 (1989).  

Defendant attempts to characterize the sanction here as a second sanction for her previous discovery violation under Supreme Court Rule 219(c) for which the court had already imposed a sanction.  We disagree.  There is no indication that the court struck the notice of rejection for this purpose.  

Defendant also argues that she cannot be punished for bad faith participation in the arbitration process where there was no finding by the arbitration panel nor the trial court that defendant failed to participate in good faith.  At this point, we note that Supreme Court Rule 91(b) specifically governs good faith participation in the arbitration hearing, not the arbitration process.  A party's apparent bad faith before the arbitration hearing, or in rejecting an arbitration award, is beyond the scope of Supreme Court Rule 91(b).  
Knight
, 291 Ill. App. 3d at 381; 
Webber
, 287 Ill. App. 3d at 463.  We do not have a transcript of the arbitration hearing, nor is there a finding that defendant failed to participate in the arbitration hearing in good faith, and so Supreme Court Rule 91(b) cannot justify the sanction imposed here.  Rather, the evidence in the record before us supports the imposition of the sanction under Supreme Court Rules 237 and 137.  166 Ill. 2d R. 237; 134 Ill. 2d R. 137.  

Defendant's third argument is that the sanction imposed in this case was excessive.  We emphasize that an overarching concern present throughout the mandatory arbitration rules is that parties and their counsel take the proceedings seriously.  
Dorsey
, 273 Ill. App. 3d at 900.  More specifically, the concern is that no one make "a mockery of this deliberate effort on behalf of the public, the bar and the judiciary to attempt to achieve an expeditious and less costly resolution to private controversies," and for parties not to view the arbitration process as merely "another hurdle to be crossed in getting the case to trial."  145 Ill. 2d Rs. 91(a), (b), Committee Comments.  See also 145 Ill. 2d Rs. 90(g), 93.  The trial court was well within its discretion in striking defendant's notice of rejection and entering judgement on the arbitration award.  

Finally, defendant's last contention on appeal is that striking the rejection of the arbitration award is unconstitutional because it violates the right to a jury trial.  See Ill. Const. 1970, Art. 1, sec. 13.  However, yet again, this same argument was made by the same attorney from the same law firm several times, and has been rejected each time.  See 
Dorsey
, 273 Ill. App. 3d at 904-905; 
Gebbie
, 288 Ill. App. 3d at 642-643.  The arbitration rules do not foreclose a litigant's access to a jury trial.  A party has the right to reject an arbitration award for any reason.  However, in an arbitration proceeding, "just as at trial, a party may lose the right to proceed with a jury trial as a sanction for violating certain rules."  
Dorsey
, 273 Ill. App. 3d at 904.  

We also reject defendant's argument that striking the notice of rejection as a sanction violates the enabling act under Section 5/2-1004A of the Illinois Code of Civil Procedure, which provides authorization for a court to send a case to arbitration and for a party to reject an award.  735 ILCS 5/2-1004A (West 1994).  Defendant argues that, "[a]ny power which derives its authority from the legislature is confined to the provisions within the enabling statute."  This same argument was rejected in 
Gebbie
, 288 Ill. App. 3d at 642-643.  The Illinois Consitution, and not the legislature, clearly authorizes the supreme court to promulgate procedural rules.  
Gebbie
, 288 Ill. App. 3d at 642-643.  Section 5/2-1004A recognizes the supreme court's authority to limit the right to reject an arbitration award as "prescribed by rule."  735 ILCS 5/2-1004A (West 1994).  As the court in 
Gebbie
 stated, "Rule 90(g) does not bar a litigant's access to a trial by jury unless he himself loses that right by failing to comply with authorized rules."  
Gebbie
, 288 Ill. App. 3d at 643.  In addition, a supreme court rule prevails over a statute on the same subject in case of a conflict.  
Gebbie
, 288 Ill. App. 3d at 643.  Thus, defendant's argument is meritless.  

For the above reasons, we affirm the judgment of the circuit court.  

Affirmed.  

GREIMAN, P.J., and ZWICK, J., concur.