ILLINOIS SERVICE FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellant, v. ACADEMY OF ST. JAMES COLLEGE PREPARATORY, a dissolved Illinois not-for-profit corporation, a/k/a St. James Parochial College Prep School, and a/k/a Academy of St. James Parochial School, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—3029

Opinion filed March 16, 1992.

508

Donovan & Olsen, of Chicago (George H. Olsen, of counsel), for appellant.

Martin S. Bieber, of Chicago, for appellees.

Peterson & Ross, of Chicago (Larry A. Hoellwarth, of counsel), for third-party defendant-appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal arises out of a property transaction which took place in May 1973. At that time, the Academy of St. James College Preparatory (Academy) purchased a building located at 7128 South Oglesby, Chicago, Illinois. On May 1, 1973, plaintiff, Illinois Service Federal Savings and Loan Association of Chicago (Illinois Service), extended a loan to the Academy in the amount of $27,200 and received a note and mortgage in its favor from the Academy. Illinois Service filed its mortgage on June 4, 1973, and the Academy began payments thereafter.

In 1974 or 1975, the Academy contracted with Eberson Roofing Company (Eberson) to have a new roof installed on the property. However, the Academy never paid Eberson, and Eberson subsequently commenced a breach of contract action in the circuit court. Eberson obtained a certificate of sale, and on June 11, 1976, the Cook County sheriff deeded the property to Eberson pursuant to the judgment and certificate of sale. Eberson recorded the sheriff's deed on June 14, 1976.

Meanwhile, the Academy continued to make its mortgage payments to Illinois Service. In 1977, however, the payments became irregular. Illinois Service received its last payment from the Academy on October 13, 1977.[1] The Academy continued to experience financial problems and on June 18, 1981, filed a voluntary petition of bankruptcy in Federal court. On June 16, 1986, Eberson quitclaimed the property back to the Academy, which had remained on the premises

---

[1]Illinois Service regarded December 31, 1977, as the date of default in the circuit court and continues to do so in this appeal.

as a tenant throughout the period. Bankruptcy proceedings continued until July 15, 1986, when the action was dismissed.

Illinois Service filed the instant action for foreclosure on July 13, 1988. Subsequently, defendants Ralph Wright, Jewelene Wright, and South Chicago Savings Bank, as trustee under trust agreement dated May 27, 1988, and known as trust number 11—259 (collectively referred to as Wright), filed an answer and affirmative defenses alleging that they were the owners of the subject property by deed dated May 27, 1988, and that they had no notice of the mortgage interest of Illinois Service and that the foreclosure action was time barred by statute. Wright also filed a third-party complaint against Real Estate Index Company (REI) for failure to inform of the existence of the mortgage.

Illinois Service filed a motion for partial summary judgment, seeking a ruling by the circuit court that the automatic stay issued in bankruptcy court tolled the statute of limitations. Moreover, Illinois Service argued that Wright had a duty to search for Illinois Service's properly recorded mortgage and could not now escape liability.

Wright and REI filed a joint motion for summary judgment, alleging that no material question of fact existed to preclude application of the summary judgment procedure. They contended that any stay in bankruptcy proceedings did not toll the limitation period for Illinois Service to commence its foreclosure action since Eberson had held the title to the property for a majority of the time the bankruptcy stay was in effect.

The circuit court granted Wright's motion, ruling that Illinois Service failed to foreclose on its mortgage within the statutory time limit. This appeal followed.

## I

Illinois Service initially argues that the circuit court failed to apply the automatic bankruptcy stay to the statute of limitations period at issue here. It maintains that the stay should have been calculated from June 18, 1981, until January 16, 1986.

■ Actions for foreclosure must be commenced within "10 years after the right of action or right to make such sale accrues." (Ill. Rev. Stat. 1987, ch. 110, par. 13—115.) Here, the parties agreed that December 31, 1977, was the latest date from which the period could be counted. However, Eberson's acquisition of the property and the Academy's subsequent bankruptcy proceeding had an effect on the limitations period. In 1976, Eberson took title of the property by virtue of the sheriff's deed it acquired as a result of a breach of contract

action with the Academy. The Academy, however, remained on the property and appears to have made mortgage payments to Illinois Service during this period.

■ According to the Federal Bankruptcy Code, the Academy's 1981 filing of a petition for bankruptcy effected a stay for "property of the estate." (11 U.S.C. §§362, 541 (1986).) Because Eberson had acquired the title of the property in June 1976, the property was not part of the Academy's estate and was not subject to the bankruptcy stay. Illinois Service would have been able to bring its foreclosure action against Eberson at that time unhampered by the proceedings in bankruptcy court. However, once Eberson quitclaimed the title of the property back to the Academy, the property became subject to the stay, since after-acquired property becomes an asset of the bankruptcy debtor's estate at the time the debtor becomes owner of such property. (*In re Dakota Industries, Inc.* (S.D. 1983), 31 Bankr. 23.) Thus, the stay in bankruptcy court as to the subject property lasted between January 16, 1986, and July 15, 1986, the date the case was dismissed. (See 11 U.S.C. §362(c)(2) (1988) (stay in proceedings "continues until the earliest of—(A) the time the case is closed; (B) the time the case is dismissed").) The total time elapsed between the date of the default, December 31, 1977, and the date Illinois Service brought its action, July 13, 1988, was 10 years and 195 days. The period was tolled for 181 days due to the bankruptcy stay. Illinois Service filed its action 14 days late. Accordingly, the circuit court correctly calculated the length of the automatic stay as to the subject property.

## II

Illinois Service also maintains that the sheriff's deed was void as to all parties because it did not receive notice of the proceedings.

■■ ■ Regarding judicial sales, collateral attacks are limited to sales which are void because of a lack of jurisdiction of the court over the subject matter or person or due to fraud in procuring the sale. (*City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 479 N.E.2d 1040.) In cases of collateral attack, all presumptions are in favor of the validity of the attacked judgment and the face of the record. (*Trustees of Central States, Southeast & Southwest Areas Pension Fund v. La Salle National Bank* (1989), 185 Ill. App. 3d 734, 542 N.E.2d 30, *appeal denied* (1989), 128 Ill. 2d 663, 548 N.E.2d 1069.) Notice requirements for sales of real estate to satisfy judgments are found in section 12—115 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 12—115.) The statute makes no provision for notice to mortgagees. Notice is satisfied by publishing the

particulars of the sale in a county newspaper for three successive weeks and by placing three printed notices in public places within the county where the subject real estate is located. (Ill. Rev. Stat. 1987, ch. 110, par. 12—115.) However, defective or insufficient notice does not render a judicial sale void, or even voidable, unless the purchaser has notice of the irregularity. *City of Chicago v. Central National Bank*, 134 Ill. App. 3d at 28.

■ Here, Illinois Service's contentions are meritless because it was not the purchaser of the subject property. As the mortgagee, Illinois Service is not implicated in the notice procedure and has no standing to raise the notice argument since the purchaser, Eberson, did not claim to have had notice of any irregularity.

■ Illinois Service also argues that, even with the existence of the sheriff's deed, the Academy still maintained an interest in the property since the Academy noted the mortgage's existence in its reorganization plan filed in the bankruptcy proceedings.

Initially, it should be noted that the bankruptcy court did not approve or adopt the Academy's reorganization plan. In any event, section 12—148 of the Code of Civil Procedure provides that a deed from a judicial sale transfers "all the title, estate and interest of the judgment debtor, of every nature and kind, in and to the premises thereby conveyed" to the purchaser. (Ill. Rev. Stat. 1987, ch. 110, par. 12—148.) Accordingly, the Academy retained no interest in the property after the sale. Indeed, a purchaser at a judicial sale takes property subject to all outstanding liens thereon. (*Aetna Life Insurance Co. v. H.W. Stout & Associates, Inc.* (1983), 112 Ill. App. 3d 570, 445 N.E.2d 1288.) The Bankruptcy Code defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." (11 U.S.C. §541(a)(1) (1986).) Since the sheriff's deed transferred all title to Eberson, the property does not fall under the property definition as set forth in the Bankruptcy Code. Illinois Service, therefore, could have undertaken its foreclosure action against Eberson notwithstanding the Academy's bankruptcy proceedings.

■ Illinois Service further contends that the Academy's possession of the property was an equitable interest under the Bankruptcy Code.

Although the bankruptcy court noted, in *In re Maxwell* (N.D. Ill. 1984), 40 Bankr. 231, 237, that "a debtor-tenant in possession does have a slight equitable interest under §541 which is protected by the automatic stay," other courts have held that "[t]he debtor's argument that his equitable possessory interests are protected by the automatic

stay is totally without support." (*In re Neville* (E.D.N.Y. 1990), 118 Bankr. 14, 18.) Moreover, in a case very similar to the present case, the interest in the property which had been previously conveyed from the mortgagor-debtor in possession was not considered "property of the estate" and was not subject to the automatic stay. (*In re Crawley* (Minn. 1990), 117 Bankr. 457, 460. See also *Johnson v. First National Bank* (8th Cir. 1983), 719 F.2d 270, 276, *cert. denied* (1984), 465 U.S. 1012, 79 L. Ed. 2d 245, 104 S. Ct. 1015.) Based on the foregoing, Illinois Service's argument on this issue is unpersuasive.

## III

Finally, Illinois Service contends that the circuit court erred by granting summary judgment to Wright and REI.

Section 2—1005 of the Code provides that summary judgment may be entered only if "there is no genuine issue as to any material fact and *** the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Accordingly, the purpose of summary judgment is not to try a question of fact, but to determine whether one exists. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 294, 529 N.E.2d 552.) A motion for summary judgment is to be granted if the pleadings, depositions, affidavits and admissions filed reveal that no genuine issue as to any material fact exists. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) Furthermore, the pleadings, affidavits and depositions must be construed against the movant and in favor of the opponent. *In re Estate of Whittington* (1985), 107 Ill. 2d 169, 177, 483 N.E.2d 210, *cert. denied sub nom. Lyons v. Bute* (1986), 475 U.S. 1016, 89 L. Ed. 2d 313, 106 S. Ct. 1199.

■ Here, all the facts demonstrate that the statute of limitations had expired before Illinois Service filed its foreclosure action since the action was filed 10 years and 14 days after the right accrued. As a result, no question of fact exists to preclude the application of the summary judgment procedure. The circuit court's determination will not be disturbed.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, P.J., and MANNING, J., concur.