MARGARET MANOR, INC., Plaintiff-Appellee, v. JOHN R. LUMPKIN, Director, the Department of Public Health, *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—93—1605

Opinion filed March 27, 1996.—Rehearing denied May 30, 1996.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), for appellants.

Frank I. Gaughan, of Chicago, and Terry C. Chiganos, of Oak Brook Terrace, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Defendants, John R. Lumpkin, Director, Illinois Department of Public Health (the Department), and the State of Illinois, Department of Public Health, appeal from an order of the circuit court of Cook County reversing and setting aside the administrative findings of the Department that plaintiff, Margaret Manor, Inc., violated various provisions of the Skilled Nursing and Intermediate Care Facilities Code Rules and Regulations (77 Ill. Adm. Code § 300 (1991)). Jurisdiction is vested in this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we vacate the order of the circuit court.

## FACTUAL BACKGROUND

The genesis of this case is an investigation into the care and treatment rendered to Stacy Talbert, a resident of plaintiff's nursing home, by plaintiff. After completing its investigation, the Department issued a notice of violations of various provisions of the Skilled Nursing and Intermediate Care Facilities Code Rules and Regulations (77 Ill. Adm. Code § 300 (1991)). An administrative hearing was held on April 23 and 24, 1992, on the matter. On July 30, 1992, a hearing officer issued a report and recommendation finding that the Department proved that plaintiff committed "Type B" violations of four provisions of various provisions of the Skilled Nursing and Intermediate Care Facilities Code Rules and Regulations.

On September 10, 1992, Lumpkin, as Director of the Department, issued a "Proposed Final Decision and Order" adopting the hearing officer's findings of fact and rejecting the hearing officer's conclusions of law. Lumpkin found that the Department proved that plaintiff violated five provisions of the Skilled Nursing and Intermediate Care Facilities Code Rules and Regulations and that such violations constituted a single "Type A" violation. The "NOTICE OF PROPOSAL FOR DECISION" which accompanied the "Proposed Final Decision and Order" was dated September 11, 1992, and informed plaintiff that it could file exceptions to the "Proposed Final Decision and Order" within 21 days. No exceptions were filed. On October 1, 1992, prior to the issuance of Lumpkin's "Final Decision and Order," plaintiff filed with the circuit court a complaint for administrative review pursuant to section 3—713 of the Nursing Home Care Act (Ill. Rev. Stat. 1991, ch. 111 1/2, par. 4153—713) and section 3—104 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 3—104).

On October 7, 1992, Lumpkin issued his "Final Decision and Order," which was unchanged from the previously issued "Proposed Final Decision and Order." On October 15, 1992, plaintiff filed a motion for leave to file an amended complaint for administrative review seeking to amend its original complaint to reflect Lumpkin's "Final Decision and Order," dated October 1, 1992. The circuit court granted plaintiff's motion for leave to file the amended complaint *instanter* on November 2, 1992. The record does not show the issuance of a summons on Lumpkin, as Director of the Department, when the amended complaint was filed.

Subsequently, the circuit court, while noting that it did not take issue with the Department's finding of fact, reversed Lumpkin's

"Final Decision and Order" on the basis that it was not issued within the 120-day time frame established by section 3—707 of the Nursing Home Care Act (Ill. Rev. Stat. 1991, ch. 111¹/₂, par. 4153—707). The instant appeal followed.

## ISSUES PRESENTED FOR REVIEW

On appeal, defendants argue that: (1) the circuit court was without jurisdiction to enter a judgment in this case; (2) the circuit erred in reversing the Department's decision for failure to comply with the 120-day time frame contained in section 3—707 of the Nursing Home Care Act; and (3) the Department's decision should be affirmed as it is not against the manifest weight of the evidence.

## OPINION

We now turn to defendant's position that the circuit court lacked jurisdiction to render a judgment in this case. We agree with defendants.

■ Initially, we note that the question of whether the circuit court has jurisdiction over a case is a question of law (*Wolfe v. Industrial Comm'n*, 138 Ill. App. 3d 680 (1985)) and, therefore, is subject to the appellate court's independent or *de novo* review. *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority*, 166 Ill. App. 3d 361 (1988); see also T. O'Neill & S. Brody, *Taking Standards of Appellate Review Seriously: A Proposal to Amend Rule 341*, 83 Ill. B.J. 512 (1995).

■ Section 3—713(a) of the Nursing Home Care Act provides as follows:

> "§ 3—713. (a) *Final* administrative decisions after hearing shall be subject to judicial review exclusively as provided in the Administrative Review Law, as now or hereafter amended, except that any petition for judicial review of Department action under this Act shall be filed within 15 days after receipt of notice of the *final* agency determination. The term 'administrative decision' has the meaning ascribed to it in Section 3—101 of the Code of Civil Procedure." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 111¹/₂, par. 4153—713(a).

Section 3—101 of the Code of Civil Procedure provides, in pertinent part, as follows:

> " 'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and *which terminates the proceedings before the administrative agency*." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 110, par. 3—101.

■ Judicial review of an administrative decision can only be undertaken taken where there is a final administrative determination. *Taylor v. State Universities Retirement System*, 159 Ill. App. 3d 372, 374 (1987). Such a determination is made subsequent to some sort of adversarial process involving the parties affected, where a hearing on controverted facts is held, and ultimately a disposition is rendered by an impartial fact finder. *Jagielnik v. Board of Trustees of the Police Pension Fund*, 211 Ill. App. 3d 26, 32 (1991); *Taylor*, 159 Ill. App. 3d at 376. Absent such a final administrative decision, the circuit court lacks jurisdiction to consider the matter. *Jagielnik*, 211 Ill. App. 3d at 32; *Bi-State Development Agency v. Department of Revenue*, 205 Ill. App. 3d 668, 672 (1990).

■ In the case *sub judice*, the Department issued a "Proposed Final Decision and Order" on September 10, 1992, along with the "NOTICE OF PROPOSAL FOR DECISION," dated September 11, 1992, and informed plaintiff that it could file exceptions within 21 days. Both the proposed order and its attendant notice state in no uncertain terms that the proposed order is not final. Moveover, the notice clearly informed plaintiff that the administrative process was continuing in the form of permitting plaintiff to file exceptions to the proposed order. On October 1, 1992, prior to the issuance of Lumpkin's "Final Decision and Order," plaintiff filed its complaint for administrative review. At this point in time, the circuit court had no jurisdiction as there was no *final* administrative decision within the meaning of section 3—713(a) of the Nursing Home Care Act or section 3—101 of the Code of Civil Procedure. Thus, the circuit court had no jurisdiction to entertain plaintiff's initial complaint or any subsequent pleading or motion. Ill. Rev. Stat. 1991, ch. 111¹/₂, par. 4153—713(a); Ill. Rev. Stat. 1991, ch. 110, par. 3—101; *Jagielnik*, 211 Ill. App. 3d at 32. Accordingly, the circuit court's judgment in this case is void.

Alternatively, we find that the circuit court was without jurisdiction in this case under section 3—102 of the Code of Civil Procedure, which provides, in pertinent part, as follows:

"If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purposes of questioning the jurisdiction of the administrative agency over the person or subject matter." Ill. Rev. Stat. 1991, ch. 110, par. 3—102.

As we noted *supra*, plaintiff failed to file any exceptions to the "Proposed Final Decision and Order" within the allotted 21 days. Therefore, when the "Final Decision and Order" was entered it had "become final because of the failure [of plaintiff] to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed" (Ill. Rev. Stat. 1991, ch. 110, par. 3—102) and, thus, the circuit court was without jurisdiction under section 3—102 of the Code of Civil Procedure and the judgment rendered is void.

In light of our holding that the circuit court was without jurisdiction, we need not address the remaining issues raised by defendants.

For the foregoing reasons, the order of the circuit court of Cook County entering judgment in favor of plaintiff is vacated and the Department's "Final Decision and Order," dated October 7, 1992, is reinstated.

Order vacated.

RIZZI, P.J., and GREIMAN, J., concur.