CENTURY ROAD BUILDERS, INC., Plaintiff-Appellant, v. THE CITY OF PALOS HEIGHTS *et al.*, Defendants (Heritage Standard Bank, as Trustee, *et al.*, Defendants-Appellees; Steinberg, Burtker and Grossman, Ltd., Appellant).

First District (4th Division)    No. 1—94—0467

Opinion filed September 19, 1996.

528

Steinberg, Burtker & Grossman, Ltd., of Chicago (Richard J. Grossman, of counsel), for appellants.

Griffin & Gallagher, of Palos Hills, for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Century Road Builders, Inc. (Century), and its attorneys, Steinberg, Burtker & Grossman, Ltd. (Steinberg), appeal from an order of the circuit court which, as amended, awarded $6,000 in Supreme Court Rule 137 (134 Ill. 2d R. 137) sanctions against them and entered judgment on the award. Century and Steinberg contend that the trial court erred in failing to conduct an evidentiary

hearing on the allegations contained in the defendants' petitions for sanctions, and further erred in finding that Century prosecuted this cause "without either a legal or factual foundation and with an intent to harass" the defendants. For the reasons that follow, we vacate the judgment entered against Century and Steinberg and remand this case to the circuit court for further proceedings consistent with the opinions expressed herein.

Century filed the instant action in the circuit court of Cook County seeking recovery as a consequence of certain construction work that it performed pursuant to a contract with the City of Palos Heights (Palos). Century alleged that Palos entered into the contract with "the knowledge, acquiescence and approval" of the other defendants (defendant owners). Century's original and amended complaints sought the foreclosure of mechanic's liens, damages for breach of contract, and recovery on a *quantum meruit* theory. The defendants filed a variety of motions attacking both Century's original and amended complaints. Additionally, a number of the defendant owners filed motions seeking sanctions against Century and Steinberg pursuant to Rule 137.

On November 12, 1992, the trial court entered an order granting all defendants leave to file motions or amended motions for sanctions, and continued the matter to December 1, 1992, for a status report. On December 1, 1992, four sanction motions filed by defendant owners and Century's response to those motions were continued to December 22, 1992. The order of December 22, 1992, states that the court heard "oral argument" on the motions. Additionally, that same order required that "all relevant pleadings, documents and billing statements" be filed with the court on or before January 29, 1993; stated that the motions for sanctions were taken under advisement; and set the matter for status on March 10, 1993. On March 10, 1993, the court continued the matter to May 18, 1993, "for hearing on the defendants' petitions for attorneys [*sic*] fees only[,] *** a hearing on the motions for sanctions having previously been conducted," and required that Century be provided with copies of the defendants' fee petitions and billing sheets supporting the motions.

The next order appearing in the record which specifically references the sanction motions is the court's memorandum order of January 24, 1994. In that order, the court made a number of findings, most notably that Century and Richard J. Grossman of the Steinberg firm filed the instant action for the improper purpose of inducing the defendant owners to bring pressure upon Palos to pay Century's claim. The court further found that Century's complaints were factually unfounded in that: (1) they alleged that the State Bank of

Countryside, as trustee under trust No. 87—322 (Countryside), was the owner of one of the subject parcels of land when, in fact, Countryside had no interest in the parcel when Century entered into its contract with Palos; (2) no evidence existed to support the allegation that Palos had an agency relationship with any of the defendant owners when it contracted with Century; and (3) Century did not perform any labor or supply any materials for the benefit of the property owned by the defendant owners but, rather, constructed improvements exclusively upon a public street owned by Palos. The court also found that Century's complaints were legally unsound, as its notices of lien were served after the expiration of the 90-day period provided in section 24 of the Mechanics Lien Act (Act) (770 ILCS 60/24 (West 1992)), and because Century pursued alleged lien rights against private property owners instead of following the requirements of section 23 of the Act (770 ILCS 60/23 (West 1992)), which governs liens for work upon public property. Based upon its findings, the court concluded that "Century named the alleged defendant owners as defendants in this case without either a legal or factual foundation and with the intent to harass both the alleged defendant owners and the City of Palos Heights" and, as a consequence, the defendant owners should be awarded attorney fees. The memorandum order states that, "[s]ubsequent to making a thorough analysis of the schedules of the alleged defendant owners' attorneys' fees," the court found $2,000 to be a reasonable assessment for attorney fees incurred by each of the defendant owners. Based upon the findings and conclusions set forth in its memorandum order, the court granted the sanction motions filed by Heritage Standard Bank, as trustee under trust No. 7067; Heritage County Bank & Trust Co., as trustee under trust No. 2944; Heritage Trust Co., as trustee under trust No. 89—3766 (Heritage Trust); and Countryside, and entered judgment in the total sum of $8,000 against Century, Richard J. Grossman, and Steinberg. Thereafter, on February 24, 1994, the court modified its memorandum order by vacating the $2,000 judgment in favor of Heritage Trust and reducing the total judgment to $6,000.

■ Supreme Court Rule 137 authorizes the imposition of sanctions against a party or its attorney for filing any pleading that is not well grounded in fact, not warranted by existing law, or that has been interposed for any improper purpose, including harassment. 134 Ill. 2d R. 137. Rule 137 is penal in nature and must be strictly construed. *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 551 N.E.2d 1319 (1990).

■ A party seeking the imposition of Rule 137 sanctions against an opponent is the burdened party. *Yassin*, 133 Ill. 2d at 467;

*Diamond Mortgage Corp. v. Armstrong,* 176 Ill. App. 3d 64, 530 N.E.2d 1041 (1988). As this court held in *Fried v. Barad,* 187 Ill. App. 3d 1024, 543 N.E.2d 1018 (1989), a hearing is necessary in order for a trial court to determine if any untrue statement within a pleading was made without reasonable cause, unless the court's determination of the issue can be made on the basis of the pleadings or trial evidence. See also *In re Estate of Smith,* 201 Ill. App. 3d 1005, 559 N.E.2d 571 (1990); *Beno v. McNew,* 186 Ill. App. 3d 359, 542 N.E.2d 533 (1989). An evidentiary hearing should always be held when a sanction award is based upon a pleading filed for an improper purpose, rather than one that is merely unreasonable based on an objective standard. See *Brown v. National Board of Medical Examiners,* 800 F.2d 168 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194 (7th Cir. 1985). In any case, once a trial court finds that a pleading is sanctionable, an evidentiary hearing on the reasonableness of any fees to be awarded is required because the issue of reasonableness is a matter of proof which should be subject to cross-examination. *Fried,* 187 Ill. App. 3d at 1030.

■ The record before us reflects that no evidentiary hearings were held in this case on the merits of the defendants' motions for sanctions or on the reasonableness of the fees awarded. Yet, the court found not only that the complaints filed by Century were not well grounded in fact, but also that they were filed for an improper purpose. To be sure, several of the defendants supported their petitions with affidavits attesting to the improper purpose that motivated the joinder of the owner defendants as parties to this case, but it is also true that Century supported its response with the affidavit of Richard J. Grossman denying any such purpose.

The determination of whether to grant a motion for sanctions is a matter committed to the sound discretion of the trial court (*Yassin,* 133 Ill. 2d at 467), as is the assessment of a monetary award once a sanctionable pleading has been found (*Fried,* 187 Ill. App. 3d at 1027). However, the predicate to such deference is that the circuit court must base its determination upon evidence taken at a hearing or matters of record that justify foregoing an evidentiary hearing. *In re Estate of Smith,* 201 Ill. App. 3d at 1009. In this case, the orders entered by the court suggest that no evidence was taken either on the issue of whether Century's complaints were filed for any improper purpose or on the issue of the reasonableness of the sanctions awarded. We do not wish to be understood as suggesting that sanctions would not be warranted if the court's findings as contained in its memorandum order were proven true. We only find that the court erred in failing to hold an evidentiary hearing on the merits of the

defendants' motions pursuant to Rule 137 and upon the reasonableness of the fees awarded.

Accordingly, we vacate the judgment against Century and Steinberg, and remand this cause to the circuit court for further proceedings consistent with this opinion.

Vacated and remanded.

CAHILL and O'BRIEN, JJ., concur.