SECOND DIVISION 

November 07, 2000

Nos. 1-98-2855, 1-98-3285, 1-98-3286, 1-98-3481, 1-98-3561, 1-98-3712, 1-98-3912, 

1-98-3919, 1-98-3923, 1-98-4022, 1-98-4040, 1-98-4056 and 1-98-4468, Consolidated

PAUL GERSHAK,

Plaintiff-Appellee,

v.

MARLENE J. FEIGN and KELLY FEIGN,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 92 M1 26177

Honorable

Sidney A. Jones, III,

Judge Presiding.

ARTHUR HENRY,

Plaintiff-Appellee,

v.

DONNA MURPHY,

Defendant-Appellant. 

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M1 305102

Honorable

Sidney A. Jones, III,

Judge Presiding.

ALLEN PRODEHL,

Plaintiff-Appellee,

v.

KATHY PAPADIMITRIOU and PETER

PAPADIMITRIOU,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M1 303127

Honorable

Sidney A. Jones, III,

Judge Presiding.

DAWN E. SAVAGE,

Plaintiff-Appellee,

v.

MELVIN EPSTEIN,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M3 001746

Honorable

Arthur Janura,

Judge Presiding.

ROBERT J. DENZEL,

Plaintiff-Appellee,

v.

SAM SAPP,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 95 L 4820

Honorable

Gregory Wojkowski,

Judge Presiding.

KEITH ELLISON,

Plaintiff-Appellee,

v.

CHRISTOPHER OMIOTEK,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M1 306033

Honorable

Sidney A. Jones, III,

Judge Presiding.

BETHZAIDA SOTOMAYOR and VALENTIN 

SOTOMAYOR, Individually and as Parents and n/b/f of

Enely Sotomayor,

Plaintiffs-Appellees,

v.

DAVID S. REED and DAVID L. REED,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 93 M1 301083

Honorable

James P. McCarthy,

Judge Presiding.

ELIZABETH PENA and ARMANDO PENA,

Plaintiffs-Appellees,

v.

SHAH POPAL,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M1 305589

Honorable

Sidney A. Jones, III,

Judge Presiding.

THERESA FERNANDEZ and ALFRED

ZUCCARRELLO,

Plaintiffs-Appellees,

v.

RAY L. BROWN,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 95 L 12084

Honorable

Sidney A. Jones, III,

Judge Presiding.

STATE FARM INSURANCE COMPANY, a/s/o

Olivia Waggoner,

Plaintiff-Appellee,

v.

RUTH EVA SCHMIDT, incorrectly sued as Rosi

Schmidt,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M1 14476

Honorable

Sidney A. Jones, III,

Judge Presiding.

LIBERTY MUTUAL INSURANCE GROUP, a/s/o

South Holland Metal Finishing,

Plaintiff-Appellee,

v.

JEFFREY J. LOVATO,

Defendant-Appellant.

)

)

)

)

)

)

))

)

Appeal from the

Circuit Court of

Cook County

No. 95 M1 22438

Honorable

Sidney A. Jones, III,

Judge Presiding.

HANOVER INSURANCE COMPANY, a/s/o

Frank Merino,

Plaintiff-Appellee,

v.

JOHN GAWRYS,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 95 M1 20523

Honorable

Sidney A. Jones, III,

Judge Presiding.

FRANCES ESTRADA, LUIS MALDONADO, 

JONATHAN BRITO and JOSEPH ESTRADA, 

Plaintiffs-Appellees,

v.

VICTORIO DAYRIT,

Defendant-Appellant.

))

))

))

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 96 M1 308108

Honorable

Gilbert Grossi,

Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the MODIFIED ON DENIAL OF REHEARING opinion of the court:

We review a trial court order that barred rejection of arbitration awards in 122 cases because the notices of rejection were not personally signed by an attorney of record.  The notices were filed under Supreme Court Rule 95 (134 Ill. 2d R. 95), 1 of 10 supreme court rules (Supreme Court Rules 86 through 95) that govern mandatory arbitration of civil actions exclusively for money in an amount or of a value not in excess of the monetary limit authorized by the supreme court.  155 Ill. 2d R. 86.  In most of the cases, the notices of rejection were signed in the name of a law firm entered on the rejection forms by someone who was not an attorney.  In others, the notices contained the name of a lawyer but the names were entered on the forms by someone, not an attorney, who placed his or her initials above the name of the lawyer.

Relying on our decision in 
Bachmann v. Kent
, 293 Ill. App. 3d 1078, 689 N.E.2d 171 (1997), plaintiffs filed motions to bar rejection of the awards as a sanction, some citing Supreme Court Rule 95 (134 Ill. 2d R. 95) or Supreme Court Rule 137 (155 Ill. 2d R. 137), or both.  The trial court consolidated the cases for hearing and argument on the motions.  All cases were set for oral argument on February 24, 1998.  In the words of the trial court: "The court heard arguments first from plaintiffs' attorneys with multiple motions or unique circumstances, with all other plaintiffs' attorneys *** given the opportunity to offer any additional comments.  Each of the involved defense offices then answered and plaintiffs' attorneys then replied."

On April 23, 1998, the trial court entered a memorandum opinion and order granting plaintiffs' motions. In the trial court's dispositive words: "The rejections of the awards are stricken, and judgments are entered on the awards in favor of the plaintiffs and against the defendants in the amounts of the awards, plus costs."  Although the individual attorneys offered to sign the notices of rejection in response to plaintiffs' motions, the trial court, in its discretion, refused to allow them to do so.  All defendants filed timely notices of appeal.  For the reasons that follow, we reverse and remand.

The trial judge did not make clear in his order and memorandum opinion whether he imposed sanctions under Rule 95 or Rule 137, but he relied heavily on 
Bachmann
.  The 
Bachmann
 trial court relied on Rule 95, but also held that the signature of a nonattorney on the notice of rejection violated Rule 137.  In 
Bachmann
, the defendant failed to attend the arbitration hearing, despite the plaintiff's request in a request to produce that he do so.  We affirmed the trial court in 
Bachmann
.  
Bachmann
, 293 Ill. App. 3d 1078, 689 N.E.2d 171.

On February 24, 1999, the chairman of the executive committee of this court conducted a prehearing conference under Supreme Court Rule 310 (134 Ill. 2d R. 310) to expedite resolution of the 122 appeals.  On March 26, 1999, the executive committee entered an order finding that the issues raised in the 122 cases were similar.  Eleven cases were consolidated for briefing (two more were later added), and the remaining appeals were stayed, pending resolution of the consolidated appeals or until further order of this court.  We now reverse the order of the trial court and remand the consolidated and stayed appeals for dispositions consistent with this opinion. 

The standard of review of sanctions imposed under a supreme court rule is whether the trial court abused its discretion.  
Shimanovsky v. General Motors Corp
., 181 Ill. 2d 112, 120, 692 N.E.2d 286, 289 (1998).  But we must first address three issues raised by the pleadings and briefs, for which the standard of review is 
de
 
novo
.  First, in the trial court's memorandum and opinion the court suggests that the notices of rejection filed by defendants were "void" for lack of an attorney's signature, without explaining why it believed this to be so.  Second, defendants argue on appeal that the underlying arbitration awards are "void" for failure of the arbitrators to execute an oath before each arbitration hearing, as required by Supreme Court Rule 87.  134 Ill. 2d R. 87.  Third, some defendants argue that the trial court lacked jurisdiction over some of the cases for various reasons: In one case (No. 1-98-4040), the underlying action had been settled and dismissed more than 30 days before the motion for sanctions was filed.  In others (not identified by number in the briefs), the action had proceeded to trial and judgment more than 30 days before the motion for sanctions was filed.  In yet another (No. 1-98-4056), the action was on the military calendar and stayed at the time the motion for sanctions was filed.  Challenges to the subject matter jurisdiction of the court and issues raised as to whether an order is void are reviewed 
de
 
novo
.  
Margaret Manor, Inc. v. Lumpkin
, 279 Ill. App. 3d 776, 779, 665 N.E.2d 318, 320 (1996).

We first address the issue of whether the notices of rejection were "void."

The trial court said:

"This court finds that the notices of rejection are void.  Supreme Court Rule 137 is violated by the signatures having been affixed by non-attorneys.  Resultantly, valid notices of rejection in the form and manner as required by Supreme Court Rule 95 have not been filed in accordance with Supreme Court Rule 93 and the rejections must be stricken.  134 Ill. 2d R. 93, 95, 137."  

But later, the court went on to say:

"All parties to these motions seem to agree that this court has discretion to allow or disallow the rejection.  To the extent that this is so and even if the notices of rejection are voidable and not void, this court is required to give the intended strength and purpose to the mandatory arbitration program and the administration of the court system."

What, perhaps, the trial court intended to say was that a judicial order confirming rejection of arbitration awards based on the notices could be voidable because the notices were defective for lack of an attorney's signature.

The failure to serve proper notice on a nonmoving party has no effect on the notice itself, but affects only the order entered.  See 134 Ill. 2d R.104(d); 
Savage v. Pho
, 312 Ill. App. 3d 553, 557, 727 N.E.2d 1052 (2000) (failure to serve notice under Supreme Court Rule 104(d) renders 
an order
 based on the motion voidable, not void).  See also 
Illinois Service Federal Savings & Loan Ass'n v. Academy of St. James College Preparatory
, 227 Ill. App. 3d 507, 592 N.E.2d 126 (1992) (failure to serve proper notice of judicial sale under section 12-115 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 12-115) did not render judicial sale void or voidable).

While we later hold in this opinion that notices of rejection must be signed by an attorney, the orders allowing the rejections are, at most, voidable, if it can be shown that the notices giving rise to the orders were defective.  
People ex rel Hamer v. Jones
, 39 Ill. 2d 360, 371-72, 235 N.E.2d 589, 596 (1968).  There is no evidence in these records or in the briefs that the lack of an attorney's signature on the notices of rejection hampered the appearance of the plaintiffs or denied them an opportunity to be heard.  Plaintiffs were, in fact, served with notices of rejection in each case and were aware that defendants intended to reject the awards.  To refer to the notices of rejection as "void" was incorrect and interjected a jurisdictional issue where none existed.  The inference in the trial court order that a properly served and docketed notice lacking an attorney's signature may invalidate subsequent orders entered by a court is one unsupported by any case we could find.

 
 We next address defendants' jurisdictional argument.  Defendants maintain that the failure of the arbitrators to execute an oath before each hearing, as required by Supreme Court Rule 87 (134 Ill. 2d R. 87), rendered the arbitration awards void.  We disagree.  This issue has arisen before and was ably reviewed in a trial court memorandum and opinion, which is cited and appended to some of the appellee briefs in this case.  Governmental Employees Insurance Company v. Sheppard, Nos. 96- M1-01999, 96-M1-304736, 96-M1-306055, 96-M1-307491, 96-

M1-301866, cons. (August 11, 1998).  We agree with the reasoning in the cited trial court memorandum opinion and order and briefly summarize its research:

"The objection that the arbitrators were not sworn was waived by the plaintiff in error by appearing and going to trial without requiring an oath to be administered."  
Newcomb v. Wood
, 97 U.S. (7 Otto) 581, 583, 24 L. Ed. 1085, 1086 (1878).

"[S]ilence ought to be regarded as acquiescence.  If the objection that the oath has not been administered is made in apt time, it may be cured, and time and expense may be saved.  It is not sufficient for the defendants to say they did not know of the failure to take the oath until after the report was filed.  They knew, or were bound to know, what the law was.  The law required the [arbitrator] to be sworn before he entered upon his duties.  If they intended to insist upon a compliance with this requirement, they should have made known their intention before the duties were entered upon."  
Pardridge v. Ryan
, 134 Ill. 247, 255, 25 N.E. 627 (1890).

"[I]f the parties proceeded to a hearing before unsworn arbitrators without objection, they will be deemed to have waived that requirement."  
City of Carlyle v. Village of Beckemeyer
, 243 Ill. App. 460, 463-64 (1927).

Here, none of the parties objected before or during the arbitrations to the arbitrators' failure to take an oath.  As in 
Pardridge
, the parties' silence is a waiver of their right to insist that the arbitrators be sworn.

While we agree that arbitrators are required to comply with Rule 94 and sign an oath before each hearing, we believe the issue has been waived in the cases before us.

     Last, we agree with defendants that the trial court lacked jurisdiction over cases that were settled and dismissed pursuant to settlement (No. 1-98-4040) or in which a judgment had been entered more than 30 days before the motions for sanctions were filed. The trial court lost jurisdiction over these cases 30 days after judgment or entry of the dismissal orders.  
In re Marriage of Stufflebeam
, 283 Ill. App. 3d 923, 671 N.E.2d 55 (1996).  A final and appealable order is not subject to modification unless the trial court reacquires jurisdiction.  
Board of Trustees of Community College District No. 508 v. Rosewell
, 262 Ill. App. 3d 938, 635 N.E.2d 413 (1992).   But we do not agree that the trial court lacked jurisdiction over the stayed case placed on the military calendar (1-98-4056).  Although it is unusual for the trial court to lift a stay of a case on the military calendar without a showing that the defendant will not be prejudiced thereby (see section 521 of the Soldiers' & Sailors' Civil Relief Act of 1940.  50 U.S.C.A. App. §521 (West 1990)), it is an issue that implicates the discretion of the court, but not its jurisdiction.

Section 2-1401 of the Illinois Code of Civil Procedure allows relief from final orders more than 30 days old under petitions filed consistent with that section.  735 ILCS 5/2-1401 (West 1996).  Plaintiffs here filed a petition for sanctions under Rule 137.  155 Ill. 2d R. 137.  The petition did not meet the requirements of a section 2-1401 petition reinvesting the court with jurisdiction to modify or vacate the final order.  Rule 137 petitions (and its predecessor, section 2-611 of the Code of Civil Procedure (735 ILCS 5/2-611 (repealed 1990)) are generally not considered posttrial motions directed at the judgment.  See 
Marsh v. Evangelical Covenant Church of Hinsdale
, 138 Ill. 2d 458, 462, 563 N.E.2d 459, 462 (1990); 
Brown & Kerr, Inc. v. American Stores Properties, Inc
., 306 Ill. App. 3d 1023, 1028, 715 N.E.2d 804 (1999).       

We now turn to the substantive issues.

Plaintiffs generally rely on 
Bachmann v. Kent
, 293 Ill. App. 3d 1078, 699 N.E.2d 171 (1997), to support their argument that the notices of rejection at issue here were not signed in compliance with Rule 137 (155 Ill. 2d R. 137) and do not comply with Rule 93 (166 Ill. 2d R. 93).  
It is clear that the trial court relied on 
Bachmann
 as well.  We disagree.  
Bachmann
 is distinguishable from the cases before us.

 In 
Bachmann
, the defendant's absence at an arbitration hearing was unexcused and in violation of Supreme Court Rule 237 (166 Ill. 2d R. 237).  
Bachmann
, 293 Ill. App. 3d at 1080-

81, 689 N.E.2d at 173-74.  The plaintiff filed a motion to strike the defendant's notice of rejection based on her unexcused absence.  The plaintiff later amended the motion to strike, adding the additional ground that the rejection notice was not signed by an attorney, relying on Supreme Court Rule 137.  
Bachmann
, 293 Ill. App. 3d at 1080-81, 689 N.E.2d at 173.  The trial court granted the motion to strike based on the unexcused absence, but also said that the lack of an attorney signature was "[a]n additional ground" for debarment.  
Bachmann
, 293 Ill. App. 3d at 1080-81, 689 N.E.2d at 173.  The trial court did not elaborate on this ruling.

On appeal, we noted the paucity of the record:  "[W]e note that the record consists only of the common law record and one two-page supplemental record consisting only of plaintiff's motion to compel defendant's deposition."  
Bachmann
, 293 Ill. App. 3d at 1081, 689 N.E.2d at 173.

We then reasoned that the defendant's unexcused absence at the arbitration hearing in violation of Rule 237 empowered the trial court to debar the defendant from rejecting the award under Rule 90(g) (145 Ill. 2d R. 90(g)) and that the sanction was not an abuse of discretion.  
Bachmann
, 293 Ill. App. 3d at 1083, 689 N.E.2d at 175.  We went on to say that the trial court's rejection under Rule 137 
as an additional reason
 was proper.  
Bachmann
, 293 Ill. App. 3d at 1083, 689 N.E.2d at 175.  It is this part of our holding that plaintiffs emphasize in support of their argument.  We reject it.  

The 
Bachmann
 court had to assume, faced with a sparse record, that the trial court acted within the scope of Rule 137 in imposing sanctions.  The case can be read as standing for the proposition that, in an appropriate case, Rule 137 may be relied upon
 
to impose sanctions.  The appellant in 
Bachmann
 did not give us a record we could explore to test the trial court's reasoning against an abuse of discretion standard.  The trial court may have concluded that the non-

appearance of the defendant in 
Bachmann
, in violation of Rules 90(g) and 237, in itself a ground for sanctions, was exacerbated by the filing of a notice of rejection in a case where the defendant forfeited the right to rejection by failing to appear at the arbitration.  It is conceivable that a notice of rejection, under certain circumstances, could be found to have been filed for an improper purpose within the meaning of Rule 137 in such a case.

Here, the record is complete, and we have a 10-page opinion in which the trial court gives us its reasons.  The trial court appears to have read 
Bachmann
 as investing it with the discretionary power to debar a rejection based on the absence of an attorney's signature without further inquiry.  We reject this analysis for the following reasons.

Rule 137's penal character requires us to strictly construe the rule against the movant--

not, as some plaintiffs seem to suggest in their briefs, the other way around.  
Dowd & Dowd, Ltd v. Gleason
, 181 Ill. 2d 460, 487, 693 N.E.2d 358, 372 (1998).  The rule is invoked only in those cases falling strictly within its terms.  
In re Estate of Hoover
, 155 Ill. 2d 402, 419, 615 N.E.2d 736, 743 (1993).  The party seeking to impose sanctions bears the burden of establishing a violation of the rule.  
Yassin v. Certified Grocers of Illinois, Inc
., 133 Ill. 2d 458, 467, 551 N.E.2d 1319, 1323 (1990).

Rule 137 was adopted to discourage false and frivolous pleadings and to punish those who file groundless law suits.  
Cult Awareness Network v. Church of Scientology International
, 177 Ill. 2d 267, 279, 685 N.E.2d 1347, 1353-54 (1997); 
Estate of Hoover
, 155 Ill. 2d at 419, 615 N.E.2d at 743.  See also 
Olsen v. Staniak
, 260 Ill. App. 3d 856, 864, 632 N.E.2d 168, 175 (1994) (the purpose of imposing the sanction is to prevent abuse of the judicial process and punish a party who brings vexatious litigation predicated upon false statements).  To this end, a Rule 137 petition must be specific enough to enable the responding party to respond to the allegations and enable the court to make a determination on the merits.  See 
In re Marriage of Adler
, 271 Ill. App. 3d 469, 476, 648 N.E.2d 953, 957 (1995).  A hearing is generally necessary for the trial court to determine whether a Rule 137 violation occurred.  
Century Road Builders, Inc. v. City of Palos Heights
, 283 Ill. App. 3d 527, 531, 670 N.E.2d 836, 838 (1996).  Whether an evidentiary hearing should be held depends on the facts of each case.  
Olsen
, 260 Ill. App. 3d at 862, 632 N.E.2d at 174; 
Century
, 283 Ill. App. 3d at 531, 670 N.E.2d at 839.  Most importantly, in the context of the cases before us, summary imposition of sanctions or denial of relief is proper only where the presence or absence of a Rule 137 violation is apparent from the pleadings, trial evidence or other matters in the record.  
Shea, Rogal & Associates, Ltd.v. Leslie Volkswagen, Inc.
, 250 Ill. App. 3d 149, 154-55, 621 N.E.2d 77, 81 (1993);  
Olsen
, 260 Ill. App. 3d at 862, 632 N.E.2d at 171; 
Century
, 283 Ill. App. 3d at 531, 670 N.E.2d at 838.  Rule 137 does not authorize imposition of sanctions for all acts of misconduct, but only for the filing of pleadings, motions or other papers in violation of the rule itself.  
Marriage of Adler
, 271 Ill. App. 3d at 476, 648 N.E.2d at 957.  Rule 137 is a general sanction provision that is not properly used to sanction conduct where other, more specific, sanction rules apply.  
Diamond Mortgage Corp. v. Armstrong
, 176 Ill. App. 3d 64, 71-72, 530 N.E.2d 1041, 1045 (1988).

With this history in mind, we turn to the memorandum and opinion of the trial court to determine whether discretion was abused in this case.  We note that the trial court memorandum and opinion made no secret of the fact that "almost all of the defendants are represented" by two law firms, with one of the firms representing "approximately seventy" of the defendants in the cases before the court.  At one point the trial court speaks of the "mischief" that can be created by the rejection of an arbitration award and offers as an example a case not before it, where the award was rejected even though the amount awarded was subject to a set-off that exceeded it.  "[I]t strains credulity," the trial court writes, "that an attorney familiar with the case and able to certify the factual and legal correctness of pleadings and other papers looked at the award or gave the matter any thought at all."  The court then identifies the lawyers involved in that case as those involved in "approximately seventy" of the cases before it.

The preface to this anecdote is a vigorous exposition of the mandatory arbitration program and the "unique opportunity for the court system to move aggressively in its efforts to institute effective caseflow management and backlog reduction programs."  Even a casual reader unfamiliar with the nuts and bolts of the mandatory arbitration program could not miss the trial court's point: some law firms appear to reject awards as a matter of course and, in the trial judge's words, never give "the matter any thought at all."

There is a problem with this reasoning: under Supreme Court Rule 95 (134 Ill. 2d R. 95), the rejection of an arbitration award does not require a reason for a rejection.  An attorney need not reveal the thought process–or lack thereof–behind a rejection.  So it is difficult to imagine a scenario where a Rule 137 inquiry would be relevant to explore the motive for filing a notice of rejection, unless some behavior or circumstance made clear that the rejection was filed for an improper purpose.  We note again that in 
Bachmann
 the sparse record led us to assume that the trial court had a record before it that revealed an improper purpose behind the failure to affix a proper signature and justified Rule 137 sanctions.  There is no evidence before us that the behavior or circumstances surrounding the rejection of the awards in these cases was an improper one within the meaning of Supreme Court Rule 137.

In the absence of evidence in each case before us of some behavior or circumstance from which it could be inferred that the rejections were unsigned for an improper purpose, we believe it was error for the trial court to refuse to allow the attorneys to cure the defective pleadings by signing the notices of rejection when the error was brought to their attention.  Rule 137 clearly provides for such a cure.  The trial court's distinction between a blank notice and one that has been signed by someone other than an attorney is unpersuasive–unless it can be shown by credible evidence that the signature of the nonattorney was affixed for an improper purpose.  The trial court's approach to the failure to affix an attorney's signature to a notice of rejection creates, in effect, an irrebuttable presumption of improper purpose.  The analysis overlooks the penal nature of the rule.  
Yassin
, 133 Ill. 2d at 467, 551 N.E.2d at 1323; 
Reyes v. Compass Health Care Plans
, 252 Ill. App. 3d 1072, 1079, 625 N.E.2d 246, 251 (1993).  Here, over 120 defendants were deprived of their day in court because the trial court concluded that a defective signature on the notice of rejection was, on its face, conclusive evidence that the pleading was interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  The point of Rule 137–to discourage false and frivolous pleadings–would be defeated were we to hold that a nonattorney's signature on a notice of rejection is 
sanctionable conduct 
per
 
se
 .  There is ammunition enough in a trial judge's arsenal to deal with lawyers who obfuscate and delay, without resorting to a tortured analysis of an admittedly defective signature.  Generally, we agree with the holding in 
Hernandez v. Williams
, 258 Ill. App. 3d 318, 321, 632 N.E.2d 49 (1994), that, absent evidence of an improper purpose that meets the test of Rule 137, a signature defect in a notice of rejection is 
de
 
minimis
.  We note here that in a case subsequent to 
Bachmann
, 
Brown & Kerr
, 306 Ill. App. 3d at 1030, 715 N.E.2d at 810, we allowed the attorney to cure a defective signature on a notice of rejection where there was no evidence of an intent to violate the spirit of the rule.  We note that, even though a debarment may not be appropriate, the trial court may in its discretion, under appropriate circumstances, award fees to the plaintiff for being forced to bring a Rule 137 motion to compel the defense attorney to individually sign the motion.

Rule 93 gives an absolute right to reject an arbitration award so as not to run afoul of a litigant's constitutional right to a trial by jury.  We believe that, absent evidence that a notice of rejection was filed without an attorney's signature for an improper purpose, Rule 137 cannot be used to defeat an otherwise proper notice of rejection.  Where, as here, the notice of rejection is signed by a nonattorney, the proper remedy is to allow the attorney to sign the notice when the defect is brought to his attention, as provided by the plain language of Rule 137.  134 Ill. 2d R. 137.

On remand, we direct the dismissal of case No. 1-98-4040 for lack of subject matter jurisdiction.  Although this is the only case specifically identified in the briefs, there is mention of some cases tried to a jury verdict.  It is also clear from the record and the briefs that the trial court failed to address the question of jurisdiction, even when brought to its attention.  On remand, we direct the trial court to examine its jurisdiction in all remaining cases.  In those where the court finds jurisdiction, we direct it to allow the attorneys of record to sign the notices of rejection, unless evidence is offered by the movant that the signature of a nonattorney was affixed for an improper purpose within the meaning of Supreme Court Rule 137.  A hearing should be held in each case where such evidence is presented.

Reversed and remanded with directions.

CERDA and BURKE, JJ., concur.