2024 IL App (1st) 230900-U

No. 1-23-0900

Order filed July 26, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| JACQUELINE SHOOPER, an individual, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) Appeal from the |
| v. | ) Circuit Court of |
| | ) Cook County. |
| LOUIS A. PALIVOS individually and doing | ) |
| business as THE LAW OFFICE OF LOUIS A. | ) No. 2021 L 008716 |
| PALIVOS, | ) |
| | ) Honorable |
| Defendant-Appellant. | ) Catherine A. Schneider, |
| | ) Judge Presiding |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the circuit court's judgment where there was no abuse of discretion to deny defendant's motion for sanctions.

¶ 2   Plaintiff-Appellee Jacqueline Shooper filed suit against Defendant-Appellant Louis A.

Palivos alleging intentional infliction of emotional distress. After the case was dismissed, Mr.

Palivos filed a motion for sanctions, alleging Ms. Shooper's claim was false and frivolous. The trial court denied the motion. Mr. Palivos now appeals the court's order. For the reasons that follow, we affirm.

¶ 3                               BACKGROUND

¶ 4     Ms. Shooper was employed as Mr. Palivos' administrative assistant for his law practice when she became pregnant. Following the termination of her employment, Ms. Shooper filed a suit against Mr. Palivos, alleging intentional infliction of emotional distress. The complaint alleged Mr. Palivos engaged in "extreme and outrageous" conduct during her employment. His alleged conduct included threats to fire her when she "informed him of her rights under the Illinois Pregnancy Act of 2015"; disregarding her requests to not perform building maintenance duties during her pregnancy; and accusing her of extortion when she requested her pay to remain unchanged if he reduced her hours upon returning from maternity leave. Believing a settlement had been reached, Mr. Palivos filed a motion to dismiss the complaint and enforce the settlement agreement. The motion was fully briefed and oral arguments were held on March 8, 2022. The trial court[1] denied the motion and continued the matter for possible settlement.

¶ 5     On March 15, 2022, the trial court entered an order granting Mr. Palivos' motion to dismiss. Ms. Shooper filed a motion for clarification of the March 15 order and a motion to reconsider. Mr. Palivos filed written replies to both motions and filed a petition for sanctions, alleging Ms. Shooper's complaint was false and frivolous. Mr. Palivos also alleged that Ms. Shooper and her counsel failed to make an objective investigation into her factual allegations. On May 16, 2022,

---

[1] The Honorable James E. Snyder heard the arguments for the motion to dismiss on March 8, 2022, and issued the March 15, 2022, order. The Honorable Catherine A. Schneider entered the orders denying plaintiff's motions for clarification and reconsideration, and defendant's motion for sanctions.

the court heard arguments on the motions for clarification and to reconsider. The court ordered that written rulings would be issued on those motions and the petition for sanctions was entered and continued generally.

¶ 6    On March 8, 2023, Ms. Shooper filed a motion to set for status and conclusion, including ruling on her motions for clarification and reconsideration. In response, Mr. Palivos requested that Ms. Shooper's motions be denied and that the petition for sanctions be advanced for ruling. The parties did not provide transcripts of any of the proceedings in support of their respective motions. On April 18, 2023, the trial court denied Ms. Shooper's motions for clarification and reconsideration of the March 15, 2022, order. Regarding Mr. Palivos' petition for sanctions, the trial court found that "at best there are disputed facts" and denied the motion. Mr. Palivos now appeals.

¶ 7                                    ANAYLYSIS

¶ 8    We find that we have jurisdiction to consider the merits of this appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a) (eff. July 1, 2017). On appeal, Mr. Palivos argues that (1) the trial court abused its discretion in failing to hold an evidentiary hearing for sanctions; (2) the court abused its discretion in failing to award sanctions against Plaintiff's counsel; and (3) that Plaintiff's counsel waived his right to argue against the imposition of sanctions by failing to file a response to Mr. Palivos' motion.

¶ 9    Supreme Court Rule 137 permits the imposition of sanctions against a party for filing any pleading "not well grounded in fact, not warranted by existing law, or which has been interposed for any improper purpose, including harassment." *Century Road Builders, Inc. v. City of Palos Heights*, 283 Ill. App. 3d 527, 530 (1996). Its purpose is to "prevent abuse of the judicial process

by sanctioning parties who file vexatious and harassing actions based on unsupported allegations of fact or law." *Clark v. Gannett Co.*, 2018 IL App (1st) 172041, ¶ 66. Using an objective standard, the trial court must evaluate whether a party made a reasonable inquiry into the facts and law supporting his or her allegations. *Id.* As Rule 137 is penal in nature, it is strictly construed and courts traditionally reserve sanctions for egregious cases. *Id.* An evidentiary hearing is necessary for a court to determine if any untrue statement within a pleading was made without reasonable cause, unless the court's determination can be made on the basis of the pleadings. *Hess v. Loyd*, 2012 IL App (5th) 090059, ¶ 26 (citing *Century Road Builders, Inc.*, 283 Ill. App. 3d at 531).

¶ 10 When reviewing the trial court's decision to deny sanctions, this court looks to the record to determine whether the trial court had an adequate basis for making its decision. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 19. An order denying Rule 137 sanctions will not be disturbed absent an abuse of discretion. *Clark*, 2018 IL App (1st) 172041, ¶ 71.

¶ 11 It is the appellant's burden to present a sufficiently complete record of the trial proceedings to establish the claimed error and with the absence of an adequate record on appeal, it is presumed that the order entered conforms to the law and is based upon a sufficient factual basis. *Chicago City Bank & Trust Co. v. Wilson*, 86 Ill. App. 3d 452, 454 (1980). Here, Ms. Shooper's complaint alleged that Mr. Palivos intended to cause her emotional distress. Mr. Palivos' motion for sanctions contends that Ms. Shooper's counsel "failed to make an objective investigation" into the factual allegations alleged in the complaint. In support of his motion for sanctions, Mr. Palivos references statements made by Ms. Shooper's counsel during the March 8, 2022, hearing on Mr. Palivos' motion to dismiss. The trial court, however, was not provided with transcripts from that hearing. Due to the insufficiency of the record, we must presume the trial court's denial of sanctions was

reasonable. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984) (where the appellant failed to present the transcript of a hearing on a motion to vacate, the court could not find a basis for holding that the trial court abused its discretion in denying the motion).

¶ 12    Mr. Palivos also argues that an evidentiary hearing would have enabled him to call witnesses to refute Ms. Shooper's allegations contained in her complaint. However, a factual dispute does not warrant an evidentiary hearing under Rule 137. See *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.*, 250 Ill. App. 3d 149, 154-55 (1993) ("If it is apparent from the record as a whole that sanctions under Rule 137 are not warranted, no evidentiary hearing is required in order to support a denial of relief."). Moreover, sanctions are not warranted simply because the facts alleged by a plaintiff are ultimately proven to be false. *Bennet & Kahnweiler, Inc. v. American National Bank and Trust Company of Chicago*, 256 Ill. App. 3d 1002, 1007 (1st Dist. 1993).

¶ 13    Finally, Mr. Palivos argues that Ms. Shooper waived her right to argue against the imposition of sanctions by failing to file a response in the trial court. This is a misstatement of the law. It is well established that the principle of waiver applies to the appellant. See *Department of Transportation for and on Behalf of People v. Greatbanc Trust Company*, 2018 IL App (1st) 171315, ¶ 15 (where appellant failed to respond to plaintiff's motion *in limine* and therefore waived argument to challenge the motion on appeal). Therefore, Mr. Palivos' argument is meritless. Accordingly, we affirm the judgment of the circuit court.

¶ 14                                    CONCLUSION

¶ 15    For the reasons explained above, we affirm the judgement of the circuit court.

¶ 16    Affirmed.